Bobby Gail **ELLIOTT, Jr.,** Appellant,

v.

The **STATE of Texas,** Appellee.

No. 03–95–00179–CR.

Court of Appeals of Texas, Austin.

Oct. 11, 1995.

James H. Kreimeyer, Belton, for appellant.

Richard J. Miller, County Attorney, Belton, for appellee.

Before CARROLL, C.J., and ABOUSSIE and JONES, JJ.

PER CURIAM.

The county court at law found appellant guilty of driving while intoxicated, first offense, and assessed punishment at incarceration for ninety days and a $400 fine. Act of May 27, 1983, 68th Leg.R.S., ch. 303, § 3, 1983 Tex.Gen.Laws 1568, 1574 (Tex.Rev.Civ. Stat.Ann. art. 6701*l*-1(b), (c), since amended and codified at Tex. Penal Code Ann. §§ 49.04). The court suspended imposition of sentence and placed appellant on probation for eighteen months.

On October 6, 1993, a pickup truck driven by appellant struck the rear of another pickup as the vehicles were exiting the Central Texas Expressway in Killeen. Officer Chris Hamilton was dispatched to the scene of the accident. While talking to the parties, Hamilton noticed that appellant's speech was slurred, eyes were bloodshot, and breath smelled of alcoholic beverage. Hamilton asked appellant to perform certain field sobriety tests, which he failed. Appellant was arrested and transported to the Killeen police station. There, appellant took an intoxilyzer test after initially refusing. Each of appellant's four points of error is directed to the trial court's refusal to suppress the result of that test.

Hamilton testified that he arrested appellant for driving while intoxicated. In point of error one, appellant contends the arrest was unlawful because he did not commit this offense in Hamilton's presence. A police officer may arrest an offender without

warrant for any offense committed in the officer's presence or within his view. Tex. Code Crim.Proc.Ann. art. 14.01(b) (West 1977). While Hamilton had probable cause to believe appellant had been driving while intoxicated, he did not see appellant driving and therefore it cannot be said that the offense was committed in the officer's presence or within his view. *Warrick v. State,* 634 S.W.2d 707, 709 (Tex.Crim.App.1982); *Fletcher v. State,* 164 Tex.Crim. 321, 298 S.W.2d 581, 582 (App.1957); *Reynolds v. State,* 902 S.W.2d 558, 559 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd); *Segura v. State,* 826 S.W.2d 178, 184 (Tex.App.—Dallas 1992, pet. ref'd). Insofar as he argues that his warrantless arrest for driving while intoxicated was not authorized by article 14.01, appellant's first point of error is correct.

It does not follow, however, that appellant's arrest was unlawful. If, at the time of appellant's arrest, Hamilton had probable cause to believe that appellant was intoxicated in a public place to the degree that he might endanger himself or another, the officer was authorized by article 14.01(b) to arrest appellant for public intoxication. *Warrick,* 634 S.W.2d at 709; *Fletcher,* 298 S.W.2d at 582; *Reynolds,* 902 S.W.2d at 560; *Segura,* 826 S.W.2d at 184; Act of May 25, 1985, 69th Leg., R.S., ch. 809, § 1, 1985 Tex.Gen. Laws 2859 (Tex.Penal Code Ann. § 42.08(a), since amended and renumbered as § 49.02(a)). It was on this basis that the county court at law held that appellant's warrantless arrest was lawful. In point of error two, appellant contends the court's ruling was erroneous because Hamilton did not have probable cause to believe that appellant was a danger to himself or to others.

In *Carrasco v. State,* 712 S.W.2d 120 (Tex. Crim.App.1986), the defendant was arrested for public intoxication by an officer investigating a one-car accident. The defendant claimed that the officer did not have probable cause to believe she was a danger to herself or to others. The Court of Criminal Appeals disagreed:

Appellant had just been involved in a one car accident; she manifested symptoms of intoxication. The fact that appellant had already been involved in a car accident is sufficient probable cause to believe that she posed a danger to herself or others. The officers had probable cause to arrest appellant for public intoxication.

*Carrasco,* 712 S.W.2d at 122 (citation omitted); *see also Reynolds,* 902 S.W.2d at 560; *Segura,* 826 S.W.2d at 184–85 (on facts similar to those in this cause, officers investigating automobile accidents had probable cause to arrest defendants for public intoxication).

■ It is undisputed that appellant was intoxicated and in a public place. He had just driven his pickup truck into the rear of another vehicle. Had he not been arrested, he would have been free to drive away in his truck, which the evidence shows was not incapacitated by the accident. Under the circumstances, Hamilton had probable cause to believe that appellant posed a danger to himself and to others as a result of his intoxication. Appellant was lawfully arrested pursuant to article 14.01(b) for public intoxication.[1] Points of error one and two are overruled.

Before being asked to take the intoxilyzer test, appellant was given the warnings required by the implied consent law. Act of May 27, 1993, 73d Leg., R.S., ch. 790, § 29, 1993 Tex.Gen.Laws 3088, 3102 (Tex.Rev.Civ. Stat.Ann. art. 6701*l*–5, § 2(b), since amended and codified at Tex.Transp.Code Ann. § 724.015). This warning, often referred to as the DIC–24 form, advised appellant that he was under arrest for driving while intoxicated and that if he refused to submit to a breath or blood test for alcohol concentration, his driver's license would be suspended. In points of error three and four, appellant contends the implied consent law was not applicable because he had not been arrested for driving while intoxicated. If the implied consent law did not apply, appellant's refusal to take the intoxilyzer test would not result in the suspension of his driver's license. Thus, appellant urges that he was misin-

---

**1.** Appellant refers us to our opinion in *Collins v. State,* 795 S.W.2d 777, 779 n. 4 (Tex.App.— Austin 1990, no pet.). Everything stated in footnote four of that opinion is dicta, and in any event we believe the facts in this cause are distinguishable from those in *Collins.*

formed regarding the consequences of a refusal and his consent to the intoxilyzer test was involuntary. *Erdman v. State,* 861 S.W.2d 890, 893–94 (Tex.Crim.App.1993); *State v. Sells,* 798 S.W.2d 865 (Tex.App.—Austin 1990, no pet.).

■ By its terms, the implied consent law applies only to persons arrested for "any offense arising out of acts alleged to have been committed while a person was driving or in actual physical control of a motor vehicle while intoxicated." *Aliff v. State,* 627 S.W.2d 166, 168–69 (Tex.Crim.App.1982); *Bennett v. State,* 522 S.W.2d 507 (Tex.Crim. App.1975); Act of April 21, 1993, 73d Leg., R.S., ch. 82, § 1, 1993 Tex.Gen.Laws 168–69 (Tex.Rev.Civ.Stat.Ann. art. 6701*l* –5, § 1, since amended and codified at Tex.Transp. Code Ann. § 724.011). We are referred to no opinions interpreting this phrase. It is obvious, however, that the implied consent law applies to a person arrested for any offense, not just driving while intoxicated, arising out of the operation of a motor vehicle while intoxicated.

■ In the cause before us, appellant was arrested for public intoxication after he drove his truck into another vehicle. The officer requesting the specimen of appellant's breath had reasonable grounds to believe that appellant was *driving* while intoxicated when the accident occurred. Evidence that appellant was driving a motor vehicle while intoxicated was admissible to prove an element of public intoxication, danger to self or others. *See Carrasco,* 712 S.W.2d at 122. Under the circumstances presented, the offense for which appellant was lawfully arrested, public intoxication, arose in part out of acts alleged to have been committed while appellant drove a motor vehicle while intoxicated. Appellant's consent to take the intoxilyzer test was not, therefore, the product of an improper application of the implied consent law. Points of error three and four are overruled.

The judgment of conviction is affirmed.