**The STATE of Texas, Appellant,**

v.

**Luis Roberto MERCADO, Appellee.**

**No. 08–96–00008–CR.**

Court of Appeals of Texas,
El Paso.

April 3, 1997.

Jaime E. Esparza, District Attorney, El Paso, for appellant.

Jeffrey D. Rago, El Paso, for appellee.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

## OPINION

McCLURE, Justice.

The State appeals the suppression of evidence relating to the possession of a controlled substance. The search in question may appropriately be characterized as both an inventory search and a search incident to arrest. Only the former theory was presented to the trial court. We must initially decide whether the State may raise the latter theory for the first time on appeal. Because we answer this question in the affirmative, we must also decide whether the greater constitutional protections accorded to an inventory search should be applied to a search of dual characterization. We conclude that in the absence of a directive that we elevate one characterization over the other, we must consider all applicable exceptions to the presumption that warrantless searches are unreasonable. Accordingly, we reverse and remand.

### SUMMARY OF THE EVIDENCE

On May 18, 1995, El Paso Police Officers Losinski and Hill stopped Appellee on a downtown street for failing to yield the right-of-way and nearly causing an accident at an intersection. Losinski approached Appellee and asked for his driver's license and proof of insurance. Appellee admitted, and Losinski verified, that Appellee's driver's license was suspended. Losinski then asked Appellee to step out of the car, placed him under arrest for driving with a suspended license, patted him down, and seated him in the backseat of the patrol car. Losinski then called for a tow truck to impound Appellee's car.

While the officers were waiting for the tow truck to arrive, they began what they subsequently characterized as an inventory search on the personalty in the car. On the passenger side sun visor, the officers found a bank bag. Without first feeling the outside of the bag to get an idea what might have been inside, the officers unzipped the bag and removed the contents. Losinski testified at the suppression hearing that he and his partner believed there might be a large quantity of money in the bag since it was the type in which bank deposits are commonly carried.

The officers intended to give the money to Appellee for safe keeping en route to the police station. Instead of money, the officers found a "diamond fold" containing cocaine and a "sneak-a-toke" box containing marijuana. After completing the inventory, the officers transported Appellee to the police station where he was charged with driving with a suspended license, possession of marijuana, and possession of cocaine.

Appellee filed a motion to suppress, relying upon *Autran v. State*, 887 S.W.2d 31 (Tex.Crim.App.1994) for the principle that under Article I, Section 9 of the Texas Constitution, a police officer cannot open a closed opaque container found in an automobile pursuant to an inventory search. Losinski testified that Appellee was already handcuffed and in the police car when he and his partner searched the car. He declared that no warrant was obtained because "[i]t's an inventory search that we do on the vehicle ... It was being impounded since he was being placed under arrest." Losinski declared further: "It's our—in our procedures, it says that we just inventory the vehicle, all the items in it, list them on a form that we have and turn that over." Losinski also testified that the police try to perform the inventory search after the arrest but before the tow truck arrives on the scene. There is no indication in the record that the officers suspected the presence of any narcotics in the car before discovering the contraband in the bank bag. The trial court granted the motion to suppress on the basis that the police had opened a closed container pursuant to an inventory search.

### CHARACTERIZATION OF THE SEARCH

In a single point of error, the State contends that the trial court erred in granting the motion to suppress. It argues that the search of the car should properly be characterized as a search incident to arrest, regardless of whether it also constituted an inventory search. Applying this principle, the State alleges that the search violated neither the Fourth Amendment to the United States Constitution, nor Article I, Section 9 of the Texas Constitution. Although the

plurality opinion in *Autran* accords added protection under the Texas Constitution against inventory searches, the State argues that the Texas Constitution offers no greater protection than the Fourth Amendment against searches incident to arrest. The State insists that, under both federal and state decisions, the Fourth Amendment and the Texas Constitution permit the search of a closed container incident to a valid custodial arrest. Accordingly, the State submits that the trial court abused its discretion in granting the motion to suppress.

The burden falls on the State to establish that a warrantless arrest or search comes within some exception to the general rule of exclusion. *Wilson v. State,* 621 S.W.2d 799, 803–04 (Tex.Crim.App.1981); *Honeycutt v. State,* 499 S.W.2d 662, 664 (Tex.Crim.App. 1973). At the suppression hearing, the State never offered the theory that the contraband was discovered pursuant to a search incident to arrest. However, the Court of Criminal Appeals has held that the State is not required to verbalize all possible grounds for establishing the validity of a search. *Lewis v. State,* 664 S.W.2d 345, 347 (Tex.Crim.App. 1984). Other intermediate courts of appeals have specifically applied this holding to the situation in which a police officer testifies in the trial court that he conducted an inventory search, but on appeal the State argues that the same search could properly be characterized as a search incident to arrest. *Pettigrew v. State,* 908 S.W.2d 563, 570 (Tex. App.—Fort Worth 1995, no pet.); *Shannon v. State,* 800 S.W.2d 896, 899 (Tex.App.—San Antonio 1990, pet. ref'd).

■ On appellate review of a suppression hearing, we are to affirm the trial court's decision if any theory of law sustains it. *Romero v. State,* 800 S.W.2d 539, 543 (Tex. Crim.App.1990). In other words, we are not bound to consider only the correctness of the trial court's decision on those exceptions that the court actually heard, if other exceptions are applicable. The trial court could correctly refuse to find that a warrantless search was valid on the basis of one exception, but could nevertheless abuse its discretion by failing to recognize that the warrantless search fit within another exception to the general rule.

■ No one contests that the instant search constituted an inventory search for purposes of constitutional analysis. Appellee suggests that categorizing it as an inventory search should preclude the possibility that the same search can also be considered a search incident to arrest. However, the undisputed facts demonstrate to us that the search was in fact conducted incident to a valid custodial arrest. The testimony at the suppression hearing established that Appellee had already been arrested for driving with a suspended license, handcuffed and placed in the police car when the officers conducted the search. While the search occurred shortly after arrest such that Appellee posed no danger to the officers, the Court of Criminal Appeals has held that the search does not have to occur at the precise moment of arrest or while the arrestee still poses a potential physical threat to the police. *Rogers v. State,* 774 S.W.2d 247, 264 (Tex.Crim. App.1989)(the legal basis for concluding that searches are reasonable is ordinarily applicable during the entire interval following arrest and leading either to detention of the suspect or to his release on bail pending formal accusation and trial). This broad time frame during which a search incident to arrest may be performed clearly encompasses the search at issue here.

In *Autran,* a plurality of the Court of Criminal Appeals held that with respect to inventory searches, Article I, Section 9 of the Texas Constitution provides more extensive protections than the Fourth and Fourteenth Amendments to the United States Constitution. Specifically, *Autran* held that police cannot conduct a warrantless search of closed containers found in the passenger compartment of the car pursuant to an inventory search. With regard to searches incident to arrest, however, the Court of Criminal Appeals has never held that the Texas Constitution creates greater protections than those afforded by the Fourth and Fourteenth Amendments. Instead, it has conducted an identical analysis of a search incident to arrest under both the United States and the

Texas Constitutions. *Rogers,* 774 S.W.2d at 264.

Texas courts have adopted the federal requirements for a search incident to arrest. In *Osban v. State,* 726 S.W.2d 107 (Tex.Crim. App.1986), *overruled on other grounds,* 815 S.W.2d 681 (Tex.Crim.App.1991), the Court explicitly adopted the holding of the United States Supreme Court in *New York v. Belton,* 453 U.S. 454, 461, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981)(a search incident to a valid custodial arrest of a person who has been in an automobile immediately prior to the arrest extends to the entire passenger compartment and the containers found therein, whether the containers are open or closed). In *Belton,* police initially pulled the suspects over for a traffic violation. After stopping the suspects, the police smelled marijuana in the car and saw an envelope labeled "supergold." Based on the odor and the suspicious envelope, the police placed the passengers and driver under arrest, searched the car for contraband, and discovered marijuana in an envelope and cocaine in the pocket of a jacket. The Court determined that the lawful custodial arrest justified the infringement of any privacy interest that the arrestee may have had in an open or closed container found in the passenger compartment of the car. *Belton,* 453 U.S. at 461, 101 S.Ct. at 2864.

We acknowledge that a significant distinction exists between the facts of *Belton* and the facts here. Whereas the police in *Belton* conducted the search after developing a suspicion that illegal drugs were in the car, the police here never developed a suspicion prior to opening the bag. In fact, they testified that they opened the bag only to see if it contained money. However, *Belton* justified the infringement of the arrestee's privacy interest in the closed container not on the basis of the officer's probable cause to suspect the presence of contraband, but on the basis of the valid custodial arrest itself. We therefore cannot find a legitimate basis for invalidating the police officers' search of the bank bag on the basis that the police did not suspect the presence of illegal drugs before opening it.

We conclude that the officers conducted a valid search incident to a custodial arrest. As a result, the trial court abused its discretion in granting the motion to suppress. The sole point of error is sustained. We do not reach the State's argument concerning the validity of the Court of Criminal Appeals' plurality decision in *Autran,* 887 S.W.2d at 31.

## CONSTITUTIONAL CONSEQUENCES OF DUAL CHARACTERIZATION

This case demonstrates the dilemma of a search that satisfies two exceptions to the warrant requirement. A search incident to arrest and an inventory search provide different levels of protection. A search that may properly be characterized as both calls into question the application of State constitutional safeguards imposed on inventory searches in *Autran,* 887 S.W.2d at 31. This dual characterization concerns us when we consider the testimony of Losinski that the police always conduct their inventory search after the suspect has been arrested, after the car has been impounded, and after the tow truck has been called, but before it has arrived. This suggests to us that most, if not all, automobile searches conducted in El Paso under similar circumstances are simultaneously inventory searches and searches incident to arrest. Where the facts establish that the police clearly intended to, and did, conduct only an inventory search of the defendant's automobile, but in the course of doing so opened a closed container and discovered contraband, the defendant will claim the *Autran* protection against the warrantless inventory search of a closed container. In response, the State will always be able to argue that because the search was also incident to arrest, the search of a closed container was valid. As a result, defendants will lose the added State constitutional protections against inventory searches. Under *Heitman v. State,* 815 S.W.2d 681, 690 (Tex. Crim.App.1991), federal constitutional guarantees are to form the floor, not the ceiling, of State constitutional protections. If we disregard the greater protections granted to inventory searches in those circumstances in which a search implies a dual characterization, we are forcing the category of search

afforded *more* protections to conform to the category of search afforded *fewer* protections. In effect, we are stripping the rights of the accused by choosing to elevate one characterization above another. Under the principles articulated in *Heitman* and *Autran*, the sounder approach would appear to be that where a search legitimately constitutes *both* a search incident to arrest *and* an inventory search, we should apply the State constitutional protections against inventory searches. However, until the Court of Criminal Appeals provides further guidance as to the scope of the additional state protections to be applied to a search of dual characterization, we must observe all of the applicable exceptions to the constitutional protection against unreasonable searches. In applying this principal, we recognize that additional protections that theoretically exist under Article I, Section 9 are rendered a nullity in practice. We reverse and remand for trial.