TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00231-CR







Eduardo Rodriguez Hernandez, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0961133, HONORABLE JON N. WISSER, JUDGE PRESIDING






PER CURIAM


 A jury found appellant guilty of capital murder. Tex. Penal Code Ann. § 19.03 (West
1994). The State did not seek the death penalty and the district court assessed punishment at imprisonment
for life. Id. § 12.31(a); Tex. Code Crim. Proc. Ann. art. 37.071, § 1 (West Supp. 1997).

 Shortly after dawn on December 12, 1994, the body of Felix Rivera Gamez was found
lying near the railroad tracks between Chicon and Comal Streets in Austin. Gamez's throat had been cut
and there was evidence he had been robbed. Bloody footprints indicated that someone had walked away
from the body to the west. A police dog was brought to the scene and followed a scent from the body
through an alley, around a residence, and ultimately to the rear of a vacant building at 1501 East Sixth
Street. There, the police found a group of homeless persons living in a makeshift encampment on a loading
dock. A fire was burning in a large oil drum. Broken bottles and human feces were scattered about the
area. Appellant was one of several persons at the encampment. He had blood on his clothing and cuts
on his hand, and was obviously intoxicated. Because none of the police officers spoke Spanish and none
of the transients spoke English, the officers left without questioning appellant or his companions.

 Homicide investigators returned to the encampment a few hours later. Appellant, still
wearing the bloody clothing, was passed out on a sofa. An officer testified, "The other people were
staggering around, they were being belligerent. It was just--to me, these people--first of all, they shouldn't
have been there and then being there in the condition they were all in, in my opinion, they were not only a
danger to themselves, but to anybody else that was to walk up there." Appellant and three other persons
at the encampment were arrested for public intoxication and taken to the police station. Later, when he
was sober, appellant gave police a written statement admitting his involvement in the robbery and murder. 
According to appellant, he spent the evening drinking beer with a man named Polo Hernandez. When they
encountered Gamez near the railroad tracks, Hernandez seized and stabbed him, then cut his throat. 
Appellant and Hernandez took Gamez's wallet, jacket, and shoes, then walked to the encampment where
appellant fell asleep. When he awoke, Hernandez was gone.

 Appellant's only point of error is that his confession should have been suppressed as the
product of an unlawful warrantless arrest. A police officer may arrest an offender without a warrant for
any offense committed in the officer's presence or within his view. Tex. Code Crim. Proc. Ann. art.
14.01(b) (West 1977). If the arresting officer had probable cause to believe appellant was intoxicated in
a public place to the degree that he might endanger himself or another, the officer was authorized by article
14.01(b) to arrest appellant for public intoxication. Elliott v. State, 908 S.W.2d 590, 592 (Tex.
App.--Austin 1995, pet. ref'd); Tex. Penal Code Ann. § 49.02(a) (West 1994). Our review of the district
court's ruling is limited to determining whether the court abused its discretion by admitting the confession
in evidence. Dubose v. State, 915 S.W.2d 493, 496-97 (Tex. Crim. App. 1996).

 Appellant does not dispute that he was intoxicated and in a public place, but urges that he
was not shown to be a danger to himself or to another. In support of this contention, appellant points out
that he and the other persons in the encampment were not seen to engage in dangerous activities, there was
no evidence that the fire in the barrel was dangerous or that the broken glass posed a hazard, and that,
when awakened, appellant was coherent and able to stand alone. Appellant's summary of the evidence
omits several critical facts: the day was bitterly cold, persons in the encampment were behaving in a
belligerent fashion toward the police, and appellant's hands were cut and his clothing was stained with
blood. While the latter facts gave the officers reason to suspect appellant knew something about the nearby
murder, it also gave them reason to believe that appellant had been injured (either by himself or by someone
else) and was in need of medical attention. We conclude that appellant's physical injuries and bloodstained
clothes, his squalid surroundings, and the harsh weather warranted a person of reasonable caution in the
belief that appellant's intoxication posed a threat to his health and safety. See Amores v. State, 816
S.W.2d 407, 413 (Tex. Crim. App. 1991) (test for probable cause). The district court did not abuse its
discretion by admitting appellant's confession in evidence after concluding that his arrest was supported
by probable cause.

 The point of error is overruled and the judgment of conviction is affirmed.


Before Justices Powers, Jones and Kidd

Affirmed

Filed: April 10, 1997

Do Not Publish



d punishment at imprisonment
for life. Id. § 12.31(a); Tex. Code Crim. Proc. Ann. art. 37.071, § 1 (West Supp. 1997).

 Shortly after dawn on December 12, 1994, the body of Felix Rivera Gamez was found
lying near the railroad tracks between Chicon and Comal Streets in Austin. Gamez's throat had been cut
and there was evidence he had been robbed. Bloody footprints indicated that someone had walked away
from the body to the west. A police dog was brought to the scene and followed a scent from the body
through an alley, around a residence, and ultimately to the rear of a vacant building at 1501 East Sixth
Street. There, the police found a group of homeless persons living in a makeshift encampment on a loading
dock. A fire was burning in a large oil drum. Broken bottles and human feces were scattered about the
area. Appellant was one of several persons at the encampment. He had blood on his clothing and cuts
on his hand, and was obviously intoxicated. Because none of the police officers spoke Spanish and none
of the transients spoke English, the officers left without questioning appellant or his companions.

 Homicide investigators returned to the encampment a few hours later. Appellant, still
wearing the bloody clothing, was passed out on a sofa. An officer testified, "The other people were
staggering around, they were being belligerent. It was just--to me, these people--first of all, they shouldn't
have been there and then being there in the condition they were all in, in my opinion, they were not only a
danger to themselves, but to anybody else that was to walk up there." Appellant and three other persons
at the encampment were arrested for public intoxication and taken to the police station. Later, when he
was sober, appellant gave police a written statement admitting his involvement in the robbery and murder. 
According to appellant, he spent the evening drinking beer with a man named Polo Hernandez. When they
encountered Gamez near the railroad tracks, Hernandez seized and stabbed him, then cut his throat. 
Appellant and Hernandez took Gamez's wallet, jacket, and shoes, then walked to the encampment where
appellant fell asleep. When he awoke, Hernandez was gone.

 Appellant's only point of error is that his confession should have been suppressed as the
product of an unlawful warrantless arrest. A police officer may arrest an offender without a warrant for
any offense committed in the officer's presence or within his view. Tex. Code Crim. Proc. Ann. art.
14.01(b) (West 1977). If the arresting officer had probable cause to believe appellant was intoxicated in
a public place to the degree that he might endanger himself or another, the officer was authorized by article
14.01(b) to arrest appellant for public intoxication. Elliott v. State, 908 S.W.2d 590, 592 (Tex.
App.--Austin 1995, pet. ref'd); Tex. Penal Code Ann. § 49.02(a) (West 1994). Our review of the district
court's ruling is limited to determining whether the court abused its discretion by admitting the confession
in evidence. Dubose v. State, 915 S.W.2d 493, 496-97 (Tex. Crim. App. 1996).

 Appellant does not dispute that he was intoxicated and in a public place, but urges that he
was not shown to be a danger to himself or to another. In support of this contention, appellant points out
that he and the other persons in the encampment were not seen to engage in dangerous activities, there was
no evidence that the fire in the bar