TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00185-CR







T. J. Johnson, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 7818, HONORABLE CHARLES J. HEARN, JUDGE PRESIDING







The district court found appellant T.J. Johnson guilty of possessing more than four grams
of cocaine with intent to deliver, and assessed punishment at imprisonment for twenty years. Tex. Health
& Safety Code Ann. § 481.112(a), (d) (West Supp. 1998). In two points of error, appellant contends
the court erroneously overruled his motion to suppress the cocaine as the product of an unlawful arrest and
search. See Tex. Code Crim. Proc. Ann. art. 38.23(a) (West Supp. 1998). (1) We will overrule both points
of error and affirm the district court's judgment.

On February 28, 1995, appellant's car was stopped for speeding by Burnet County
sheriff's deputy Steve Koenning. The deputy ran a license check and was told that appellant's driver's
license was suspended. Appellant was arrested and placed in the deputy's patrol car, after which his car
was searched by Koenning and his partner. The officers opened an unlocked briefcase in the back seat
and found a paper bag. Inside the bag were six plastic bags containing rock cocaine. The officers also
found fragments of an unidentified substance in a folded washcloth they removed from a door pocket.

In his first point of error, appellant contends the cocaine was the fruit of an unlawful
warrantless arrest. Appellant argues by analogy to driving while intoxicated cases, in which it has been held
that the offense does not occur in an officer's presence if the officer does not see the defendant driving. 
See Warrick v. State, 634 S.W.2d 707, 709 (Tex. Crim. App. 1982); Elliott v. State, 908 S.W.2d 590,
592 (Tex. App.--Austin 1995, pet. ref'd); Segura v. State, 826 S.W.2d 178, 184 (Tex. App.--Dallas
1992, pet. ref'd); Tex. Code Crim. Proc. Ann. art. 14.01(b) (West 1977) (officer may arrest without
warrant for offense committed in officer's presence or view). Appellant asserts that he did not commit the
offense of driving while license suspended (DWLS) in Koenning's presence because, when the officer saw
him driving, he did not know that appellant's driver's license had been suspended.

The DWI cases on which appellant relies are distinguishable. In those cases, the arresting
officer arrived at the scene of an automobile accident, learned that a driver of a vehicle involved in the
accident was intoxicated, and arrested the driver for driving while intoxicated. Although the officers in
those cases had probable cause to believe the person arrested was guilty of that offense, they were not
authorized to arrest for DWI pursuant to article 14.01(b) because the criminal act was not committed in
their presence or view. See Elliott, 908 S.W.2d at 592. (2) Koenning, on the other hand, did see appellant
drive. Thus, after lawfully stopping appellant for speeding and being informed that his driver's license was
suspended, Koenning had probable cause to arrest appellant for DWLS, an offense committed in the
officer's presence or view. See Stull v. State, 772 S.W.2d 449, 452 (Tex. Crim. App. 1989) (officer's
observation of defendant's behavior, coupled with knowledge giving him probable cause to believe
behavior criminal, authorized arrest under article 14.01(b)).

We also understand appellant to argue that Koenning did not have probable cause to arrest
because he did not have personal knowledge of the license suspension. This contention is without merit. 
In determining whether probable cause exists, a police officer may rely on hearsay information he receives
from a reliable source. Beverly v. State, 792 S.W.2d 103, 105 (Tex. Crim. App. 1990). Point of error
one is overruled.

Appellant's second point of error is that the officers exceeded the lawful scope of an
inventory search under the Texas Constitution. A plurality of the Court of Criminal Appeals has held that
article I, section 9 of the Texas Constitution provides greater protection than the Fourth Amendment in the
context of inventory searches. Autran v. State, 887 S.W.2d 31, 42 (Tex. Crim. App. 1994). The
plurality stated that under the Texas Constitution, officers conducting an inventory search of an automobile
after the driver is arrested are not authorized to open closed containers found in the vehicle. Appellant
notes that Koenning characterized the search of appellant's car as an inventory search in his offense report. 
Appellant argues that the briefcase and folded washcloth were closed containers, and that under Autran
the officers exceeded the scope of a lawful inventory search when they opened the containers and found
the cocaine.

The only issue in Autran was the lawful scope of an inventory search. The opinion did not
address the question whether the search in that case was lawful under some other exception to the warrant
requirement. See id., at 42 n.13. We must uphold the district court's ruling if it is correct on any theory
of law applicable to the case. See Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). The
district court was not bound by the officer's characterization of the search as an inventory, nor are we. The
State argued below, as it does on appeal, that the cocaine was discovered during a lawful search incident
to appellant's arrest. We agree.

Under the Fourth Amendment, a police officer who has made a lawful custodial arrest of
the driver or occupant of an automobile may, as a contemporaneous incident to that arrest, search the
passenger compartment of the automobile, including the contents of any containers found in the passenger
compartment. New York v. Belton, 453 U.S. 454, 460 (1981). The Court of Criminal Appeals has
applied the same rule under the Texas Constitution. Osban v. State, 726 S.W.2d 107, 111 (Tex. Crim.
App. 1986). Although the Court of Criminal Appeals has since disapproved a statement made in the
Osban opinion, the holding in Osban has not been overruled. See Heitman v. State, 815 S.W.2d 681,
685 (Tex. Crim. App. 1991) (disapproving statement that court is bound to interpret article I, section 9 in
harmony with Fourth Amendment opinions). In his brief, appellant does not argue that the scope of a lawful
search incident to arrest is narrower under article I, section 9 than under the Fourth Amendment. To the
contrary, he concedes that it is not. We hold that the deputies were constitutionally authorized to search
the containers found in appellant's car as an incident to his lawful arrest. See State v. Mercado, 944
S.W.2d 42, 44 (Tex. App.--El Paso 1997, pet. granted); State v. Garcia, 801 S.W.2d 137, 141 (Tex.
App.--San Antonio 1990, pet. ref'd). Point of error two is overruled. 

The judgment of conviction is affirmed.



 

 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: April 9, 1998

Do Not Publish
1. The motion to suppress was heard and overruled by the Honorable Clayton E. Evans.
2. In each of the cases cited, the arrest was nevertheless held lawful because the officer also had
probable cause to arrest for public intoxication, an offense that was committed in the officer's presence. 
Warrick, 634 S.W.2d at 709; Elliott, 908 S.W.2d at 592; Segura, 826 S.W.2d at 185.



e appellant
drive. Thus, after lawfully stopping appellant for speeding and being informed that his driver's license was
suspended, Koenning had probable cause to arrest appellant for DWLS, an offense committed in the
officer's presence or view. See Stull v. State, 772 S.W.2d 449, 452 (Tex. Crim. App. 1989) (officer's
observation of defendant's behavior, coupled with knowledge giving him probable cause to believe
behavior criminal, authorized arrest under article 14.01(b)).

We also understand appellant to argue that Koenning did not have probable cause to arrest
because he did not have personal knowledge of the license suspension. This contention is without merit. 
In determining whether probable cause exists, a police officer may rely on hearsay information he receives
from a reliable sour