# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-01-00118-CR

---

**Jeffery Dwayne Sharp, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE COUNTY COURT AT LAW OF COMAL COUNTY,
### NO. 99CR-714, HONORABLE FRED A. MOORE, JUDGE PRESIDING

---

A jury found appellant guilty of the misdemeanor offense of driving while intoxicated—second offense. *See* Tex. Pen. Code Ann. §§ 49.04, .09(a) (West Supp. 2002). The court assessed punishment at 180 days in jail and a $1200 fine, suspended imposition of the sentence, and placed appellant on probation. Appellant contends (1) that the court erred in admitting the evidence obtained following his improper warrantless arrest, and (2) that the evidence was legally and factually insufficient to prove the *corpus delicti* of the offense. We will affirm the judgment of conviction.

### Background

At trial, three individuals testified, Texas Department of Public Safety Trooper James Armstrong, Comal County Sheriff's Officer Wayne Lehman, and Department of Public Safety employee Melinda Casarez, who maintains the breath alcohol testing program for ten counties including Comal County.

On April 3, 1999, at 9:06 p.m. Trooper Armstrong was dispatched to investigate a one-vehicle, rollover accident on River Road. When he arrived at 9:19 p.m. he observed an overturned, customized pickup truck facing north in the southbound lane. Appellant was standing close by the truck visiting with an unidentified individual. Appellant was telling the person that he was very upset about the wreck and damaging his truck. He discussed how sorry he was that he had wrecked the truck. EMS was treating an injured person who was later identified as having been a passenger in the truck. Appellant told Armstrong that he had been driving the truck northbound on River Road along a very narrow, two-lane section of the road. Appellant told Armstrong that a southbound vehicle crossed into his lane and that in order to avoid a collision he swerved off the road. As he drove off the road, he lost control of the truck and it overturned. Based on his experience and the accident scene when he arrived, Armstrong estimated that the accident occurred between 8:45 p.m. and 9:00 p.m. As Armstrong talked with appellant he smelled a strong odor of alcohol on his breath, noticed appellant's speech was slurred, and that his eyes were bloodshot and glassy. Appellant admitted to Armstrong that he had been drinking beer earlier in the evening. Armstrong administered a preliminary breath test and the horizontal gaze nystagmus test. Based on his observations of appellant and the results of the tests, he arrested appellant for driving while intoxicated.

Armstrong took appellant to the Comal County Sheriff's Office where Deputy Lehman administered other sobriety tests, and Armstrong interrogated and videotaped appellant. Additionally, appellant gave breath samples. At the sheriff's office, appellant stated that he had consumed three or four beers during the evening and had eaten barbeque at about 8:30 p.m.

2

Casarez testified about the physiology of absorption factors of alcohol. Casarez extrapolated that appellant's 0.118 grams of alcohol over 210 liters of breath at the time of the test yielded a result of 0.128 grams over 210 liters of breath at the time of the accident.

**Discussion**

*Warrantless Arrest*

Appellant first contends that because Armstrong did not see appellant operate the truck, there was no exception to the warrant requirement that would have justified appellant's warrantless arrest. *See* Tex. Code Crim. Proc. Ann. art. 14.01(b) (West 1977). The State responds that because Armstrong observed appellant in an intoxicated state and believed that he was a danger to himself and others a warrantless arrest for public intoxication was proper. *See* Tex. Pen. Code Ann. § 49.02(a) (West Supp. 2002). Appellant contends, however, that a warrantless arrest for public intoxication would not have been proper because there was no evidence that he posed a danger to himself or to others. *See id.* Appellant contends further that, consequently, all evidence obtained by the State after his arrest was the product of an illegal arrest and should have been excluded at trial. The State responds that, based on the totality of the evidence at the scene of the accident, Armstrong was justified in making a warrantless arrest for public intoxication and all evidence obtained after the arrest was properly admitted.

A police officer may arrest an offender without a warrant for any offense committed in the officer's presence or view. Tex. Code Crim. Proc. Ann. art. 14.01(b). While Armstrong had probable cause to believe appellant had been driving while intoxicated, he did not see appellant driving, therefore, it cannot be said that the driving-while-intoxicated offense was committed within

3

Armstrong's presence or view. *Warrick v. State*, 634 S.W.2d 707, 709 (Tex. Crim. App. 1986). It does not follow, however, that appellant's arrest was necessarily unlawful. A person commits the offense of public intoxication if the person appears in a public place while intoxicated to the degree that the person may endanger himself or another. Tex. Pen. Code Ann. § 49.02(a). If Armstrong had probable cause to believe appellant was intoxicated in a public place to the degree that he might endanger himself or another, then, pursuant to article 14.01(b), Armstrong was authorized to arrest appellant without a warrant for public intoxication despite the fact that he testified he arrested appellant for driving while intoxicated. *See* Tex. Code Crim. Proc. art. 14.01(b); *Warrick,* 634 S.W.2d at 709; *Peddicord v. State*, 942 S.W.2d 100, 109-10 (Tex. App.—Amarillo 1997, no pet.); *Elliott v. State*, 908 S.W.2d 590, 592 (Tex. App.—Austin 1995, pet. ref'd) (warrantless arrest justified when officer did not observe defendant operating motor vehicle in his presence but did observe defendant and had probable cause for warrantless arrest for public intoxication).

Armstrong found appellant on the side of a public roadway in a public place in Comal County. Appellant told the officer he was driving the pickup truck involved in the one-vehicle, rollover accident. A passenger in appellant's truck had apparently been injured in the accident. Appellant admitted drinking prior to the accident. Armstrong smelled alcohol on appellant's breath, and noticed appellant's slurred speech, and bloodshot, glassy eyes. Appellant exhibited all six clues for intoxication following the horizontal gaze nystagmus test and the portable breath test detected the presence of alcohol on appellant's breath. Based on this evidence, appellant posed a danger to himself or others. Based on the totality of the evidence at the scene of the accident, Armstrong was

4

justified in making the warrantless arrest. *See Elliott*, 908 S.W.2d at 592. Appellant's first issue is overruled.

### Corpus Delicti

Appellant contends that there was legally and factually insufficient evidence to prove the *corpus delicti* of the offense of driving while intoxicated. Specifically, appellant contends that there was legally and factually insufficient evidence to corroborate his extrajudicial statement that he drove the truck.

The *corpus delicti* of driving while intoxicated is that *someone* drove or operated a motor vehicle in a public place while intoxicated. *Folk v. State*, 797 S.W.2d 141, 144 (Tex. App.—Austin 1990, pet. ref'd) (citing *Threet v. State*, 250 S.W.2d 200, 200 (Tex. Crim. App. 1952)). While proof of the *corpus delicti* may not solely depend on an extrajudicial statement, if there is some evidence tending to corroborate the statement, then the statement may be used along with other evidence to establish the *corpus delicti*. *Fisher v. State*, 851 S.W.2d 298, 303 (Tex. Crim. App. 1993); *Self v. State*, 513 S.W.2d 832, 834-35 (Tex. Crim. App. 1974). Indeed, the corroborating evidence does not have to be sufficient by itself to prove the offense charged. *See Self*, 513 S.W.2d at 834-37. The corroborating evidence is sufficient if it permits a rational finding of guilt, beyond a reasonable doubt, when joined with the extrajudicial confession. *Folk*, 797 S.W.2d at 144. Provided that there is other evidence that a crime was committed, the identity of the defendant as the perpetrator may rest alone upon his extrajudicial statement, as identity of the perpetrator is not part of the *corpus delicti* and may be established by the extrajudicial statement alone. *Thomas v. State*, 458 S.W.2d 817, 819 (Tex. Crim. App. 1970). The task of the reviewing court is to consider all of

5

the evidence in the light most favorable to the conviction to determine whether the evidence tended to show that someone drove or operated a motor vehicle in a public place while intoxicated. *See Fisher*, 851 S.W.2d at 303.

Appellant was standing beside the wrecked pickup truck when Armstrong arrived at the scene of the accident. Appellant was obviously intoxicated. These facts corroborate appellant's extrajudicial statement and, therefore, his statement could be considered in establishing the *corpus delicti* of the offense of driving while intoxicated. Appellant's second and third issues are overruled. The judgment of conviction is affirmed.

_____

Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: February 14, 2002

Do Not Publish

6