TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00118-CR







Jeffery Dwayne Sharp, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW OF COMAL COUNTY, 


NO. 99CR-714, HONORABLE FRED A. MOORE, JUDGE PRESIDING






 A jury found appellant guilty of the misdemeanor offense of driving while
intoxicated--second offense. See Tex. Pen. Code Ann. §§ 49.04, .09(a) (West Supp. 2002). The
court assessed punishment at 180 days in jail and a $1200 fine, suspended imposition of the
sentence, and placed appellant on probation. Appellant contends (1) that the court erred in admitting
the evidence obtained following his improper warrantless arrest, and (2) that the evidence was legally
and factually insufficient to prove the corpus delicti of the offense. We will affirm the judgment of
conviction.


Background


 At trial, three individuals testified, Texas Department of Public Safety Trooper James
Armstrong, Comal County Sheriff's Officer Wayne Lehman, and Department of Public Safety
employee Melinda Casarez, who maintains the breath alcohol testing program for ten counties
including Comal County. 

 On April 3, 1999, at 9:06 p.m. Trooper Armstrong was dispatched to investigate a
one-vehicle, rollover accident on River Road. When he arrived at 9:19 p.m. he observed an
overturned, customized pickup truck facing north in the southbound lane. Appellant was standing
close by the truck visiting with an unidentified individual. Appellant was telling the person that he
was very upset about the wreck and damaging his truck. He discussed how sorry he was that he had
wrecked the truck. EMS was treating an injured person who was later identified as having been a
passenger in the truck. Appellant told Armstrong that he had been driving the truck northbound on
River Road along a very narrow, two-lane section of the road. Appellant told Armstrong that a
southbound vehicle crossed into his lane and that in order to avoid a collision he swerved off the
road. As he drove off the road, he lost control of the truck and it overturned. Based on his
experience and the accident scene when he arrived, Armstrong estimated that the accident occurred
between 8:45 p.m. and 9:00 p.m. As Armstrong talked with appellant he smelled a strong odor of
alcohol on his breath, noticed appellant's speech was slurred, and that his eyes were bloodshot and
glassy. Appellant admitted to Armstrong that he had been drinking beer earlier in the evening.
Armstrong administered a preliminary breath test and the horizontal gaze nystagmus test. Based on
his observations of appellant and the results of the tests, he arrested appellant for driving while
intoxicated. 

 Armstrong took appellant to the Comal County Sheriff's Office where Deputy
Lehman administered other sobriety tests, and Armstrong interrogated and videotaped appellant.
Additionally, appellant gave breath samples. At the sheriff's office, appellant stated that he had
consumed three or four beers during the evening and had eaten barbeque at about 8:30 p.m. 


 Casarez testified about the physiology of absorption factors of alcohol. Casarez
extrapolated that appellant's 0.118 grams of alcohol over 210 liters of breath at the time of the test
yielded a result of 0.128 grams over 210 liters of breath at the time of the accident. 


Discussion


Warrantless Arrest

 Appellant first contends that because Armstrong did not see appellant operate the
truck, there was no exception to the warrant requirement that would have justified appellant's
warrantless arrest. See Tex. Code Crim. Proc. Ann. art. 14.01(b) (West 1977). The State responds
that because Armstrong observed appellant in an intoxicated state and believed that he was a danger
to himself and others a warrantless arrest for public intoxication was proper. See Tex. Pen. Code
Ann. § 49.02(a) (West Supp. 2002). Appellant contends, however, that a warrantless arrest for
public intoxication would not have been proper because there was no evidence that he posed a
danger to himself or to others. See id. Appellant contends further that, consequently, all evidence
obtained by the State after his arrest was the product of an illegal arrest and should have been
excluded at trial. The State responds that, based on the totality of the evidence at the scene of the
accident, Armstrong was justified in making a warrantless arrest for public intoxication and all
evidence obtained after the arrest was properly admitted. 

 A police officer may arrest an offender without a warrant for any offense committed
in the officer's presence or view. Tex. Code Crim. Proc. Ann. art. 14.01(b). While Armstrong had
probable cause to believe appellant had been driving while intoxicated, he did not see appellant
driving, therefore, it cannot be said that the driving-while-intoxicated offense was committed within
Armstrong's presence or view. Warrick v. State, 634 S.W.2d 707, 709 (Tex. Crim. App. 1986). It
does not follow, however, that appellant's arrest was necessarily unlawful. A person commits the
offense of public intoxication if the person appears in a public place while intoxicated to the degree
that the person may endanger himself or another. Tex. Pen. Code Ann. § 49.02(a). If Armstrong had
probable cause to believe appellant was intoxicated in a public place to the degree that he might
endanger himself or another, then, pursuant to article 14.01(b), Armstrong was authorized to arrest
appellant without a warrant for public intoxication despite the fact that he testified he arrested
appellant for driving while intoxicated. See Tex. Code Crim. Proc. art. 14.01(b); Warrick, 634
S.W.2d at 709; Peddicord v. State, 942 S.W.2d 100, 109-10 (Tex. App.--Amarillo 1997, no pet.);
Elliott v. State, 908 S.W.2d 590, 592 (Tex. App.--Austin 1995, pet. ref'd) (warrantless arrest
justified when officer did not observe defendant operating motor vehicle in his presence but did
observe defendant and had probable cause for warrantless arrest for public intoxication). 

 Armstrong found appellant on the side of a public roadway in a public place in Comal
County. Appellant told the officer he was driving the pickup truck involved in the one-vehicle,
rollover accident. A passenger in appellant's truck had apparently been injured in the accident.
Appellant admitted drinking prior to the accident. Armstrong smelled alcohol on appellant's breath,
and noticed appellant's slurred speech, and bloodshot, glassy eyes. Appellant exhibited all six clues
for intoxication following the horizontal gaze nystagmus test and the portable breath test detected
the presence of alcohol on appellant's breath. Based on this evidence, appellant posed a danger to
himself or others. Based on the totality of the evidence at the scene of the accident, Armstrong was
justified in making the warrantless arrest. See Elliott, 908 S.W.2d at 592. Appellant's first issue is
overruled. 

Corpus Delicti

 Appellant contends that there was legally and factually insufficient evidence to prove
the corpus delicti of the offense of driving while intoxicated. Specifically, appellant contends that
there was legally and factually insufficient evidence to corroborate his extrajudicial statement that
he drove the truck. 

 The corpus delicti of driving while intoxicated is that someone drove or operated a
motor vehicle in a public place while intoxicated. Folk v. State, 797 S.W.2d 141, 144 (Tex.
App.--Austin 1990, pet. ref'd) (citing Threet v. State, 250 S.W.2d 200, 200 (Tex. Crim. App.
1952)). While proof of the corpus delicti may not solely depend on an extrajudicial statement, if
there is some evidence tending to corroborate the statement, then the statement may be used along
with other evidence to establish the corpus delicti. Fisher v. State, 851 S.W.2d 298, 303 (Tex. Crim.
App. 1993); Self v. State, 513 S.W.2d 832, 834-35 (Tex. Crim. App. 1974). Indeed, the
corroborating evidence does not have to be sufficient by itself to prove the offense charged. See Self,
513 S.W.2d at 834-37. The corroborating evidence is sufficient if it permits a rational finding of
guilt, beyond a reasonable doubt, when joined with the extrajudicial confession. Folk, 797 S.W.2d
at 144. Provided that there is other evidence that a crime was committed, the identity of the
defendant as the perpetrator may rest alone upon his extrajudicial statement, as identity of the
perpetrator is not part of the corpus delicti and may be established by the extrajudicial statement
alone. Thomas v. State, 458 S.W.2d 817, 819 (Tex. Crim. App. 1970). The task of the reviewing
court is to consider all of the evidence in the light most favorable to the conviction to determine
whether the evidence tended to show that someone drove or operated a motor vehicle in a public
place while intoxicated. See Fisher, 851 S.W.2d at 303. 

 Appellant was standing beside the wrecked pickup truck when Armstrong arrived at
the scene of the accident. Appellant was obviously intoxicated. These facts corroborate appellant's
extrajudicial statement and, therefore, his statement could be considered in establishing the corpus
delicti of the offense of driving while intoxicated. Appellant's second and third issues are overruled. 
The judgment of conviction is affirmed.



 

 Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: February 14, 2002

Do Not Publish