TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00187-CR







The State of Texas, Appellant



v.



Grady Kenton Coldiron, Appellee







FROM THE COUNTY COURT OF MILAM COUNTY


NO. CR26,486, HONORABLE FRANK SUMMERS, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



The State appeals from the trial court's orders granting appellee Grady Kenton
Coldiron's motions to suppress evidence. See Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West
Supp. 2004). Because we conclude that the State's arguments were not preserved for appeal or are
otherwise foreclosed, we affirm the suppression orders.

After being accused by information of driving while intoxicated, Coldiron filed
motions to suppress: (1) his refusal to submit to a breath or blood test; (2) statements he made to
the police; (3) audio and visual portions of a videotape; and (4) the officers' observations and
opinions. Although the motions recited several grounds for suppression, the only ground addressed
at the hearing on the motions was the contention that the challenged evidence was tainted by an
unlawful warrantless arrest.

Deputy Philip Agnelli testified that he responded to a report of an accident on a
county road in rural Milam County at 2:00 a.m. on August 6, 2000. He saw that one vehicle, a
Mitsubishi Montero, had left the road, crashed through a fence, rolled over, and come to a stop in
a field. A second vehicle, a Ford pickup truck, was parked in front of the Mitsubishi as if to pull it
out of the field. The only person present was Coldiron.

Agnelli spoke to Coldiron and immediately noticed the smell of alcoholic beverage
on his breath. Coldiron told the deputy that his wife had been driving the Mitsubishi at the time of
the accident, that she was now at their home, and that he had returned in the pickup to pull her
vehicle out of the field. Coldiron accompanied Agnelli to the Coldiron residence, which was only
about 400 yards from the accident scene. Mrs. Coldiron came outside and agreed to return to the
scene to be examined by EMS technicians. 

Meanwhile, Department of Public Safety Trooper Ernest Del Bosque had also arrived
at the accident scene. Mrs. Coldiron told Del Bosque that she and her husband had been driving
home separately, she in the Mitsubishi and he following her in the pickup truck. Coldiron initially
denied driving, but later admitted that he had been following his wife as she described. Coldiron
also told the trooper that he had been drinking. Del Bosque administered field sobriety tests to
Coldiron; the results indicated that he was intoxicated. At this time, Del Bosque arrested Coldiron
for driving while intoxicated and advised him of his rights. Later, at the jail, Coldiron refused to
provide a breath sample.

In her argument to the court at the conclusion of the hearing, the prosecutor urged that
the motions to suppress be overruled because the officers had probable cause to arrest Coldiron for
driving while intoxicated:


I think it's . . . apparent from all the testimony that both officers were
conducting an investigation of an accident to begin with, which later on led into the
DWI investigation of both drivers. Both officers testified that they did not see the
defendant driving; however, both were told by the defendant and Trooper Del Bosque
was also told by the defendant's wife that he was indeed following in the car.


And there was evidence that he may have been driving from the fact that both
vehicles were there when Deputy Agnelli arrived and only one person was present;
and additionally, when Trooper Del Bosque arrived, there were three vehicles and
two people present. So it was very apparent to both officers that someone must have
driven the other vehicles, and that Mr. Coldiron, by his own admission, was the
person that had done so.


. . .


The trooper, based on all of the evidence from the field sobriety tests, all of
that, the clues indicating intoxication, made the arrest based on those tests and on the
fact that, by his own admission and the circumstances surrounding the situation that
he came upon, Mr. Coldiron had been driving the vehicle while he was intoxicated.



In response, defense counsel referred the court to code of criminal procedure article 14.01:


Judge, I think the bottom line . . . is we've got an illegal arrest here. He
should have gotten a warrant. I think that the evidence might show that they had
probable cause to arrest for public intoxication. I think that's what the case law is
going to show. But under Article 14 of the Code of Criminal Procedure, they've got
to go out and get a warrant unless an offense is committed within their view.


Here are troopers and the deputy; no one saw Mr. Coldiron operating a motor
vehicle while intoxicated. So it's not a felony, it's really no evidence of a suspicious
place. So none of the exceptions to the rule that you need an arrest warrant, and it's
a warrantless arrest -- none of those exceptions are met. So I think the arrest cannot
stand up and the case fails as a matter of law because there's no evidence to show
that an arrest was allowed without a warrant.



See Tex. Code Crim. Proc. Ann. art. 14.01(b) (West 1977) (officer may arrest without warrant for
any offense committed in his presence or within his view). The trial court later signed written orders
granting the motions to suppress without express findings of fact or conclusions of law.

In its brief to this Court, the State effectively concedes that Coldiron could not be
arrested without a warrant for driving while intoxicated because he did not commit that offense in
the presence or view of either officer. The State argues, however, that the officers had probable
cause to believe that Coldiron was guilty of public intoxication, an offense he was committing in
their presence, and that the warrantless arrest was lawful for that reason. See Elliott v. State, 908
S.W.2d 590, 592 (Tex. App.--Austin 1995, pet. ref'd). This argument is not properly before us
because it was not made by the State in the trial court. The ordinary notions of procedural default
apply equally to the defendant and the State. State v. Mercado, 972 S.W.2d 75, 78 (Tex. Crim. App.
1998). The basic appellate principle that points not argued at trial are deemed waived applies to the
State when it is the appellant. Id.

There is another reason why the trial court's orders must be affirmed. When, as in
this cause, a trial court does not make explicit findings of fact when ruling on a motion to suppress
evidence, it must be assumed on appeal that the court made implicit findings of fact supported by
the record that buttress its conclusions. Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex. Crim.
App. 2000). The appellate court may not in such a case adopt a legal theory that leads to reversal
if there is a viable legal theory that supports the trial court's ruling. State v. Ross, 32 S.W.3d 853,
858 (Tex. Crim. App. 2000). If, as the State argues, the uncontradicted testimony shows that the
officers had probable cause to arrest Coldiron for public intoxication, and even if this theory had
been presented to the court at the hearing below, we may not assume that the trial court granted the
motions to suppress because it erroneously applied the law to the facts. Id. Instead, we must assume
that the trial court granted the motions to suppress because it did not credit the officers' testimony. 
Id. at 859.

The State's brief also addresses the merits of the other grounds contained in
Coldiron's motions to suppress. None of these grounds were raised at the suppression hearing and
there is no basis in the record for concluding that the trial court relied on them in granting the
motions. For the reasons stated above, we will not reverse the court's orders by assuming that it
erroneously relied on one of these alternative grounds for suppression.

The orders granting the motions to suppress are affirmed.



 __________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed: February 20, 2004

Do Not Publish