Andrew Adams **WARRICK**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 63196.

Court of Criminal Appeals of Texas, Panel No. 3.

June 23, 1982.

James M. Murphy, Dallas, for appellant.

Henry M. Wade, Dist. Atty. and Bruce Evan Foster, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, DALLY and McCORMICK, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of misdemeanor possession of marihuana; the punishment is confinement in the county jail for thirty days and a fine of $200. The appellant was granted probation.

The appellant's sole contention is that the marihuana was obtained in a search after he was unlawfully arrested. The appellant cites and relies mainly upon Article 14.01, V.A.C.C.P. and *Honeycutt v. State*, 499 S.W.2d 662 (Tex.Cr.App.1973).

At approximately 10:00 a.m. a police officer observed two cars which had been in a minor accident. The appellant was beside his car arguing with another man. The appellant and the other man could not decide who was at fault in the side by side collision. Both men got in the officer's squad car and he drove them back to see if they could find the point of impact and determine which car had changed lanes and collided with the other car. They could not find the point of impact so they went back to the two cars to further discuss the accident. At this time the officer said the appellant appeared intoxicated. His eyes were extremely bloodshot, his speech was slurred, and he was confused and unsteady when he walked. There was a strong odor of an alcoholic beverage on appellant's breath. The officer called a wrecker to get the appellant's car, and he arrested the appellant. The arrest he said was for "investigation of DWI." The officer took the appellant to a substation, completed paper work, and searched the appellant before booking him into jail. During the search the officer found a marihuana cigarette in the appellant's upper right shirt pocket.

In *Honeycutt v. State*, supra, the facts were quite different. Officers had information from a credible citizen that Honeycutt was driving while intoxicated and had collided with the car driven by the credible citizen. The officer observed Honeycutt's car in front of her house. The officer knew she had already been convicted of the misdemeanor offense of driving while intoxicated. Honeycutt would not answer when officers knocked on her door, so the officers opened the door, entered her house, found her lying on the bed and arrested her. The court held:

> "We cannot conclude the evidence shows the appellant was about to escape or that it was not possible to secure a felony arrest warrant under the circumstances presented."

In the recent case of *United States v. Fossler*, 597 F.2d 478 (5th Cir. 1979), a panel for the Fifth Circuit Court of Appeals de-

cided the same issues as we have in the instant case. The circumstances there were much more analogous to this case then those in *Honeycutt v. State*, supra. We quote at length from *United States v. Fossler*, supra, including the footnotes.

"The District Court was correct as well in determining that, under Texas law,[3] Fossler's arrest was lawful. Fossler asserts that he could not have been properly arrested for driving while intoxicated because the officer did not see him driving, but rather found him leaning against his stopped car. Article 14.01(b) of the Texas Code of Criminal Procedure allows a warrantless arrest for a misdemeanor, which driving while intoxicated is, only when the offense is committed in the arresting officer's presence or within his view. The Texas Court of Criminal Appeals has indicated, however, that an arrest for driving while intoxicated is not necessarily invalid merely because the arresting officer did not see the defendant drive his car, since the defendant may still be subject to a public intoxication charge. *Fletcher v. State*, 164 Tex.Cr.R. 321, 323, 298 S.W.2d 581, 582 (1957). The Fifth Circuit has recognized that where a defendant was arrested for the 'wrong' offense, the arrest is nonetheless valid where the crime for which he was arrested and the crime for which there was probable cause to believe he had committed are closely related and there is no proof of sham or fraud. *Mills v. Wainwright*, 415 F.2d 787, 790 (5th Cir. 1969). Hence, our inquiry focuses on whether there was probable cause to arrest Fossler for public intoxication.

"Fossler contends that because he was in the front yard of a private residence when he was arrested, there was no probable cause then existing to arrest him for *public* intoxication.[4] In view of his status as an uninvited stranger on the front lawn, his contention is unpersuasive. See *Pugh v. State*, 55 Tex.Cr.R. 462, 117 S.W. 817 (1909). The Texas Courts have traditionally held that a place may be a public one or not according to circumstances. See *Clinton v. State*, 64 Tex.Cr.R. 446, 142 S.W. 591 (1912). To hold that there was no probable cause to arrest Fossler for public intoxication merely because he had moments before driven his car from the public street up onto a stranger's lawn would be unreasonable, and we decline to do so.[5]

---

"[3] The lawfulness of an arrest by state officers is determined by the law of the state where the arrest takes place, subject to federal constitutional standards. *Ker v. California*, 374 U.S. 23, 37, 83 S.Ct. 1623, [1631], 10 L.Ed.2d 726 (1963); *United States v. Lipscomb*, 435 F.2d 795, 798 (5th Cir. 1970), cert. denied, 401 U.S. 980, 91 S.Ct. 1213, 28 L.Ed.2d 331 (1971).

"[4] The misdemeanor offense of 'Public Intoxication' is defined at Tex.Penal Code Ann. tit. 9, § 42.08(a) (Vernon 1974): 'An individual commits an offense if he appears in a public place under the influence of alcohol or any other substance, to the degree that he may endanger himself or another.'

" 'Public place' is defined at Tex.Penal Code Ann. tit. 1, § 1.07(a)(29) (Vernon 1974): 'any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops.'

"[5] Fossler does not and could not seriously contend that the two remaining elements of public intoxication, his being under the influence of alcohol and his being a danger to himself or another, are in question here."

The Fifth Circuit has correctly applied the Texas law in a very similar situation. For the same reasons the appellant in the instant case was lawfully arrested for public intoxication. The search at the police station during the booking procedure was lawful. *King v. State*, 166 Tex.Cr.R. 231, 312 S.W.2d 501 (1958); *Heck v. State*, 507 S.W.2d 737 (Tex.Cr.App.1974). The marihuana found was properly admitted in evidence.

The judgment is affirmed.