**Robert Michael GALLAGHER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–88–00546–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 14, 1989.

Rehearing Denied Sept. 14, 1989.

Alan S. Percely, Houston, for appellant.

Michael J. Guarino, Crim. Dist. Atty., Thomas Rodriguez, Asst. Dist. Atty., Galveston, for appellee.

Before WARREN, COHEN and O'CONNOR, JJ.

ON MOTION FOR REHEARING

O'CONNOR, Justice.

Appellant's motion for rehearing is denied. We withdraw our original opinion in this cause, issued July 27, 1989, and substitute the following opinion.

After the trial court overruled his motion to suppress, appellant, Robert Michael Gallagher, entered a plea of guilty. The trial court convicted appellant of possession

of methaqualone and placed him on probation for four years and assessed a fine of $500. Appellant challenges the trial court's ruling on his motion to suppress, arguing the evidence resulted from an illegal arrest.

Donald Rouse, an assistant manager for Gaido's Restaurant, testified that appellant and a friend entered the restaurant in the late afternoon of November 19, 1987. He seated the two but told them the restaurant would not serve them alcohol because they were intoxicated. After appellant sat down, he dropped his napkin, and spent a considerable amount of time under the table looking for it. After he retrieved his napkin, and again sat down, he again missed his lap and dropped the napkin. Rouse asked the two to leave after appellant disturbed some customers at the next table. As he was leaving, appellant demanded a cash refund. Rouse informed him that they had been served nothing and charged nothing.

As the two left, Rouse noticed they were in such bad condition, they needed help. Rouse approached them again and told them he would either call a cab, or if they refused, he would call the police. Appellant at first agreed to a cab, but said he had to go upstairs to retrieve his clothes. Gaido's does not have a second floor. They then left, and Rouse called the police. While Rouse was talking to the dispatcher, he saw appellant's companion get on his knees, trying to get the key in the lock. When he was unable to insert the key into the door, he gave appellant the keys. Appellant also tried to get a better vantage point by getting down on his knees to eye the keyhole, but fell backwards. The two finally got into the car and left with appellant in the passenger seat.

Officer Torres received the dispatch about appellant and his companion and pulled them over several blocks from the restaurant. Officer Torres said he was only behind appellant's vehicle for a block or two, so he did not see it weaving. The driver stepped out of the car first and then appellant. Officer Torres testified that both were very intoxicated. When appellant got out of the car, he staggered and braced himself against the side of the car. The officer arrested him for public intoxication, conducted a pat down search, and took him to the police station.

Officer Haynes booked appellant at the police station and searched him. During the search, he found two white tablets in appellant's coat pocket with the word Mandrex written on them. The officer then charged appellant with possession of a controlled substance.

■ The issue for this Court is whether appellant's arrest was lawful. The Code of Criminal Procedure specifies when an officer may arrest an offender without a warrant. Generally, an officer may make an arrest when a person commits an offense within the presence or view of the officer. Tex.Code Crim.P.Ann. art. 14.01(b) (Vernon 1977).

A person commits the offense of public intoxication if he or she

> appears in a public place under the influence of alcohol or any other substance, to the degree that the individual may endanger himself or another.

Tex.Penal Code Ann. sec. 42.08(a) (Vernon 1989). The danger need not be immediate. It is sufficient if the accused renders himself or others "subject to potential danger." *Dickey v. State*, 552 S.W.2d 467, 468 (Tex.Crim.App.1977). The issue is whether the officer's knowledge at the time, given the facts and circumstances, would lead a prudent person to believe that appellant committed, or was committing, an offense. *Britton v. State*, 578 S.W.2d 685, 689 (Tex. Crim.App.1978).

■ Rouse called the police to report that appellant and his companion were intoxicated and attempting to get into their car. He identified the restaurant he was calling from, and gave the dispatcher the license plate number and a description of the car. When Rouse saw that appellant and his friend had succeeded in getting into the car and were driving away, he immediately telephoned the police back to report they were leaving.

As Officer Torres drove into the parking lot of the restaurant, the dispatcher told him that the car had already left the lot. Torres spotted the car within a few blocks of Gaido's and, relying on Rouse's information, pulled it over. The driver pulled into a parking lot just off the boulevard. After Torres arrested the driver, Torres asked appellant to step out of the car. Torres testified that appellant was visibly intoxicated.

We find the officer possessed sufficient probable cause to arrest appellant. A reasonably prudent person, seeing appellant in his intoxicated state with a car near a busy boulevard, could conclude that appellant was a danger to himself and others. In *Dickey*, the officer found the defendant asleep in a car in front of a bar at 2:30 a.m. The court held the evidence was sufficient to show that he was a danger to himself or others. The court noted he was "vulnerable to an assortment of difficulties'" and "could have awakened and taken it upon himself to drive himself and his companion home." *Dickey*, 552 S.W.2d at 468; *see also Balli v. State*, 530 S.W.2d 123, 126 (Tex.Crim.App.1975).

We overrule the point of error and affirm the judgment of the trial court.