Scott Merritt **REYNOLDS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–94–00525–CR.

Court of Appeals of Texas, Houston (1st Dist.).

March 2, 1995.

Discretionary Review Refused Sept. 13, 1995.

---

Chris Flood, Houston, for appellant.

John B. Holmes, Jr., Timothy G. Taft, Vivian King, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and ANDELL and HEDGES, JJ.

## OPINION

HEDGES, Justice.

Appellant Scott Merrit Reynolds pleaded *nolo contendere* to the offense of driving while intoxicated ("DWI") and was sentenced to 90 days in jail probated for one year and assessed a $300 fine. In one point of error, appellant argues that the trial court erred in overruling his motion to suppress. We affirm.

### Facts

Shortly after midnight on April 18, 1993, appellant was involved in a two-car accident. Officers called to the scene conducted field sobriety tests on appellant and concluded that he was intoxicated. Appellant was arrested and charged with DWI even though officers never saw him driving.

Appellant filed a motion to suppress all evidence seized pursuant to his warrantless arrest. Following a pretrial hearing, the trial court denied his motion. Thereafter, ap-

pellant entered a plea of no contest reserving the right to appeal the trial court's ruling on the motion to suppress.

### Standard of Review

At a suppression hearing, the trial judge is the sole trier of fact and may choose to believe or disbelieve any or all of a witness' testimony. *Bell v. State*, 866 S.W.2d 284, 286–87 (Tex.App.—Houston [1st Dist.] 1993, no pet.). This Court is not at liberty to disturb any finding that is supported by the record. *Id.* at 287. Our inquiry is limited to whether the trial court improperly applied the law to the facts. *Id.*

### Motion to Suppress

In point of error one, appellant contends that the trial court erred by overruling his motion to suppress. He argues that, under Texas law, an officer may not make a warrantless arrest for DWI where the officer did not observe the suspect driving. Further, appellant argues that there was no probable cause to arrest him for public intoxication because there were no demonstrable facts from which it could have been reasonably concluded that he was likely to be a danger to himself or others.

The court of criminal appeals has held that article 14.01 of the Texas Code of Criminal Procedure permits a warrantless arrest for a misdemeanor (including driving while intoxicated) [1] only when the offense is committed in the view or in the presence of the arresting officer. [2] *Warrick v. State*, 634 S.W.2d 707, 709 (Tex.Crim.App.1982). Because no officer saw appellant driving, a warrantless arrest for DWI would not have been proper.

A defendant may be arrested for public intoxication even when an arrest for driv-

---

1. A person commits the offense of DWI if the person is intoxicated while driving or operating a vehicle in a public place. *See* Tex.Rev.Civ.Stat. Ann. art. 6701*l*–1(b) (Vernon Supp.1992).

2. Article 14.01 provides:
   (a) A peace officer or any other person, may, without a warrant, arrest an offender when the offense is committed in his presence or within

his view, if the offense is one classed as a felony or as an offense against the public peace.
   (b) A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view.
   Tex.Code Crim.Proc.Ann. art. 14.01 (Vernon 1977).

ing while intoxicated is unlawful.[3] In *Warrick* the court held:

> The Texas Court of Criminal Appeals has indicated, however, that an arrest for driving while intoxicated is not necessarily invalid merely because the arresting officer did not see the defendant drive his car, since the defendant may still be subject to a public intoxication charge.... The Fifth Circuit has recognized that where a defendant was arrested for the "wrong" offense, the arrest is nonetheless valid where the crime for which he was arrested and the crime for which there was probable cause to believe he had committed are closely related and there is no proof of sham or fraud.

634 S.W.2d at 709 (citations omitted).

■ A person commits the offense of public intoxication if he appears in a public place while intoxicated to the degree that he may endanger himself or another. TEX.PENAL CODE ANN. § 49.02(a) (Vernon 1989). "The danger need not be immediate." *Gallagher v. State*, 778 S.W.2d 153, 154 (Tex.App.—Houston [1st Dist.] 1989, no pet.). "It is sufficient if the accused renders himself or others 'subject to potential danger.'" *Id.* (quoting *Dickey v. State*, 552 S.W.2d 467, 468 (Tex.Crim.App.1977)). The issue turns on whether a reasonable, prudent, officer's knowledge at the time would lead one to belief that an offense was committed. *Id.*

Under similar circumstances, the Dallas Court of Appeals upheld a warrantless arrest for public intoxication. *See Segura v. State*, 826 S.W.2d 178, 185 (Tex.App.—Dallas 1992, pet. ref'd). In *Segura*, the State charged the defendant by information with driving while intoxicated. *Id.* at 180. At a motion to suppress hearing, witnesses testified that the defendant drove a pickup truck into a parked vehicle. *Id.* at 184. One witness told the arresting officer that the defendant was intoxicated. *Id.* The arresting officer testified that the defendant's "eyes were bloodshot, his speech was slurred, he had trouble steadying himself, and he had an alcohol odor on his breath." *Id.* The court held that the

fact finder could have reasonably inferred that the defendant posed a danger to himself and others based on the arresting officer's personal knowledge, together with the information given to him by witnesses. *Id.* at 184–85.

Based on the reasoning in *Segura*, we find that there is sufficient evidence to support an arrest for public intoxication in this case. Ms. Edwards testified that while she was standing still at a stop sign appellant made a wide right turn and hit her car. Officer Nguyen, the first officer on the scene, testified that appellant was intoxicated. This officer has made numerous DWI arrests. He stated that appellant showed signs of "[s]lurred speech, bloodshot eyes, ... a strong odor of alcoholic beverages about his breath, and also unstable balance." Officer Nguyen expressed a fear that appellant was a "danger to himself" and if allowed to drive away "might endanger ... other people." He placed appellant in the back of his patrol car because appellant "had unstable balance and [the officer] was afraid [appellant] might fall down."

■ After conducting numerous sobriety tests, Officer Labdi, the DWI Step Unit officer dispatched to the scene, concurred with Officer Nguyen that appellant was intoxicated. The latter officer was concerned about appellant's safety and the safety of others. Had the officers not arrested appellant, he would have been free to depart in his car in what three witnesses described as an intoxicated condition.

This evidence is sufficient to support a finding of probable cause to arrest appellant for public intoxication. The trial court did not err in denying appellant's motion to suppress.

We overrule point of error one.

We affirm the judgment of the trial court.

---

**3.** While Officer Nguyen testified that he arrested appellant for DWI, as opposed to public intoxication, his statement is not dispositive. We will

look at the entire record to determine whether it supports a warrantless arrest for public intoxication.