TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00179-CR






Bobby Gail Elliott, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY


NO. 2C93-5403, HONORABLE JOHN H. BARINA, JUDGE PRESIDING







PER CURIAM



 The county court at law found appellant guilty of driving while intoxicated, first
offense, and assessed punishment at incarceration for ninety days and a $400 fine. Act of May
27, 1983, 68th Leg. R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574 (Tex. Rev. Civ. Stat.
Ann. art. 6701l-1(b), (c), since amended and codified at Tex. Penal Code Ann. §§ 49.04). The
court suspended imposition of sentence and placed appellant on probation for eighteen months.

 On October 6, 1993, a pickup truck driven by appellant struck the rear of another
pickup as the vehicles were exiting the Central Texas Expressway in Killeen. Officer Chris
Hamilton was dispatched to the scene of the accident. While talking to the parties, Hamilton
noticed that appellant's speech was slurred, eyes were bloodshot, and breath smelled of alcoholic
beverage. Hamilton asked appellant to perform certain field sobriety tests, which he failed. 
Appellant was arrested and transported to the Killeen police station. There, appellant took an intoxilyzer test after initially refusing. Each of appellant's four points of error is directed to the
trial court's refusal to suppress the result of that test.

 Hamilton testified that he arrested appellant for driving while intoxicated. In point
of error one, appellant contends the arrest was unlawful because he did not commit this offense
in Hamilton's presence. A police officer may arrest an offender without warrant for any offense
committed in the officer's presence or within his view. Tex. Code Crim. Proc. Ann. art. 14.01(b)
(West 1977). While Hamilton had probable cause to believe appellant had been driving while
intoxicated, he did not see appellant driving and therefore it cannot be said that the offense was
committed in the officer's presence or within his view. Warrick v. State, 634 S.W.2d 707, 709
(Tex. Crim. App. 1982); Fletcher v. State, 298 S.W.2d 581, 582 (Tex. Crim. App. 1957);
Reynolds v. State, 902 S.W.2d 558, 559 (Tex. App.--Houston [1st Dist.] 1995, pet. ref'd); Segura
v. State, 826 S.W.2d 178, 184 (Tex. App.--Dallas 1992, pet. ref'd). Insofar as he argues that his
warrantless arrest for driving while intoxicated was not authorized by article 14.01, appellant's
first point of error is correct. 

 It does not follow, however, that appellant's arrest was unlawful. If, at the time
of appellant's arrest, Hamilton had probable cause to believe that appellant was intoxicated in a
public place to the degree that he might endanger himself or another, the officer was authorized
by article 14.01(b) to arrest appellant for public intoxication. Warrick, 634 S.W.2d at 709;
Fletcher, 298 S.W.2d at 582; Reynolds, 902 S.W.2d at 560; Segura, 826 S.W.2d at 184; Act of
May 25, 1985, 69th Leg., R.S., ch. 809, § 1, 1985 Tex. Gen. Laws 2859 (Tex. Penal Code Ann.
§ 42.08(a), since amended and renumbered as § 49.02(a)). It was on this basis that the county court at law held that appellant's warrantless arrest was lawful. In point of error two,
appellant contends the court's ruling was erroneous because Hamilton did not have probable cause
to believe that appellant was a danger to himself or to others.

 In Carrasco v. State, 712 S.W.2d 120 (Tex. Crim. App. 1986), the defendant was
arrested for public intoxication by an officer investigating a one-car accident. The defendant
claimed that the officer did not have probable cause to believe she was a danger to herself or to
others. The Court of Criminal Appeals disagreed:


Appellant had just been involved in a one car accident; she manifested symptoms
of intoxication. The fact that appellant had already been involved in a car accident
is sufficient probable cause to believe that she posed a danger to herself or others. 
The officers had probable cause to arrest appellant for public intoxication.



Carrasco, 712 S.W.2d at 122 (citation omitted); see also Reynolds, 902 S.W.2d at 560; Segura,
826 S.W.2d at 184-85 (on facts similar to those in this cause, officers investigating automobile
accidents had probable cause to arrest defendants for public intoxication).

 It is undisputed that appellant was intoxicated and in a public place. He had just
driven his pickup truck into the rear of another vehicle. Had he not been arrested, he would have
been free to drive away in his truck, which the evidence shows was not incapacitated by the
accident. Under the circumstances, Hamilton had probable cause to believe that appellant posed
a danger to himself and to others as a result of his intoxication. Appellant was lawfully arrested
pursuant to article 14.01(b) for public intoxication. (1) Points of error one and two are overruled.

 Before being asked to take the intoxilyzer test, appellant was given the warnings
required by the implied consent law. Act of May 27, 1993, 73d Leg., R.S., ch. 790, § 29, 1993
Tex. Gen. Laws 3088, 3102 (Tex. Rev. Civ. Stat. Ann. art. 6701l-5, § 2(b), since amended and
codified at Tex. Transp. Code Ann. § 724.015). This warning, often referred to as the DIC-24
form, advised appellant that he was under arrest for driving while intoxicated and that if he
refused to submit to a breath or blood test for alcohol concentration, his driver's license would
be suspended. In points of error three and four, appellant contends the implied consent law was
not applicable because he had not been arrested for driving while intoxicated. If the implied
consent law did not apply, appellant's refusal to take the intoxilyzer test would not result in the
suspension of his driver's license. Thus, appellant urges that he was misinformed regarding the
consequences of a refusal and his consent to the intoxilyzer test was involuntary. Erdman v.
State, 861 S.W.2d 890, 893-94 (Tex. Crim. App. 1993); State v. Sells, 798 S.W.2d 865 (Tex.
App.--Austin 1990, no pet.).

 By its terms, the implied consent law applies only to persons arrested for "any
offense arising out of acts alleged to have been committed while a person was driving or in actual
physical control of a motor vehicle while intoxicated." Aliff v. State, 627 S.W.2d 166, 168-69
(Tex. Crim. App. 1982); Bennett v. State, 522 S.W.2d 507 (Tex. Crim. App. 1975); Act of April
21, 1993, 73d Leg., R.S., ch. 82, § 1, 1993 Tex. Gen. Laws 168-69 (Tex. Rev. Civ. Stat. Ann.
art. 6701l-5, § 1, since amended and codified at Tex. Transp. Code Ann. § 724.011). We are
referred to no opinions interpreting this phrase. It is obvious, however, that the implied consent
law applies to a person arrested for any offense, not just driving while intoxicated, arising out of
the operation of a motor vehicle while intoxicated.

 In the cause before us, appellant was arrested for public intoxication after he drove
his truck into another vehicle. The officer requesting the specimen of appellant's breath had
reasonable grounds to believe that appellant was driving while intoxicated when the accident
occurred. Evidence that appellant was driving a motor vehicle while intoxicated was admissible
to prove an element of public intoxication, danger to self or others. See Carrasco, 712 S.W.2d
at 122. Under the circumstances presented, the offense for which appellant was lawfully arrested,
public intoxication, arose in part out of acts alleged to have been committed while appellant drove
a motor vehicle while intoxicated. Appellant's consent to take the intoxilyzer test was not,
therefore, the product of an improper application of the implied consent law. Points of error three
and four are overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: October 11, 1995

Publish
1. Appellant refers us to our opinion in Collins v. State, 795 S.W.2d 777, 779 n.4 (Tex.
App.--Austin 1990, no pet.). Everything stated in footnote four of that opinion is dicta, and in any
event we believe the facts in this cause are distinguishable from those in Collins.



ellant for public intoxication.



Carrasco, 712 S.W.2d at 122 (citation omitted); see also Reynolds, 902 S.W.2d at 560; Segura,
826 S.W.2d at 184-85 (on facts similar to those in this cause, officers investigating automobile
accidents had probable cause to arrest defendants for public intoxication).

 It is undisputed that appellant was intoxicated and in a public place. He had just
driven his pickup truck into the rear of another vehicle. Had he not been arrested, he would have
been free to drive away in his truck, which the evidence shows was not incapacitated by the
accident. Under the circumstances, Hamilton had probable cause to believe that appellant posed
a danger to himself and to others as a result of his intoxication. Appellant was lawfully arrested
pursuant to article 14.01(b) for public intoxication. (1) Points of error one and two are overruled.

 Before being asked to take the intoxilyzer test, appellant was given the warnings
required by the implied consent law. Act of May 27, 1993, 73d Leg., R.S., ch. 790, § 29, 1993
Tex. Gen. Laws 3088, 3102 (Tex. Rev. Civ. Stat. Ann. art. 6701l-5, § 2(b), since amended and
codified at Tex. Transp. Code Ann. § 724.015). This warning, often referred to as the DIC-24
form, advised appellant that he was under arrest for driving while intoxicated and that if he
refused to submit to a breath or blood test for alcohol concentration, his driver's license would
be suspended. In points of error three and four, appellant contends the implied consent law was
not applicable because he had not been arrested for driving while intoxicated. If the implied
consent law did not apply, appellant's refusal to take the intoxilyzer test would not result in the
suspension of his driver's license. Thus, appellant urges that he was misinformed regarding the
consequences of a refusal and his consent to the intoxilyzer test was involuntary. Erdman v.
State, 861 S.W.2d 890, 893-94 (Tex. Crim. App. 1993); State v. Sells, 798 S.W.2d 865 (Tex.
App.--Austin 1990, no pet.).

 By its terms, the implied consent law applies only to persons arrested for "any
offense arising out of acts alleged to have been committed while a person was driving or in actual
physical control of a motor vehicle while intoxicated." Aliff v. State, 627 S.W.2d 166, 168-69
(Tex. Crim. App. 1982); Bennett v. State, 522 S.W.2d 507 (Tex. Crim. App. 1975); Act of April
21, 1993, 73d Leg., R.S., ch. 82, § 1, 1993 Tex. Gen. Laws 168-69 (Tex. Rev. Civ. Stat. Ann.
art. 6701l-5, § 1, since amended and codified at Tex. Transp. Code Ann. § 724.011). We are
referred to no opinions interpreting this phrase. It is obvious, however, that the implied consent
law applies to a person arrested for any offense, not just driving while intoxicated, arising out of
the operation of a motor vehicle while intoxicated.

 In the cause before us, appellant was arrested for public intoxication after he drove
his truck into another vehicle. The officer requesting the specimen of appellant's breath had
reasonable grounds to believe that appellant was driving while intoxicated when the accident
occurred. Evidence that appellant was driving a motor vehicle while intoxicated was admissible
to prove an element of public intoxication, danger to self or others. See Carrasco, 712 S.W.2d
at 122. Under the circumstances presented, the offense for which appellant was lawfully arrested,
public intoxication, arose in part out of acts alleged to have been committed while appellant drove
a motor vehicle while intoxicated. Appellant's consent to take the intoxilyzer test was not,
therefore, the product of an improper application of the implied consen