In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00837-CR

____________


THOMAS PASCAL ROBINSON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from County Criminal Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 1,042,912 





O P I N I O N


 Appellant, Thomas Pascal Robinson, pled guilty to the offense of driving while
intoxicated, and the trial court assessed punishment at 31 days in jail. In three points
of error, appellant contends the trial court erred in denying his motion to suppress all
evidence as a result of an unlawful arrest of appellant. We affirm.

 Facts

 On the night of February 2, 2000, as Robert Strohl was traveling eastbound on
the I-10 Katy Freeway, he observed appellant, who was driving a black Porsche, enter
the freeway at a high speed and cut across two lanes of traffic directly in front of
Strohl's vehicle. Strohl then lost sight of the Porsche. On reaching the interchange
at the 610 West Loop Freeway, Strohl observed that traffic had stopped, and the black
Porsche had been involved in an accident. When he arrived at the interchange, Strohl
thought the Porsche had been in a multi-car accident. Strohl observed appellant get
out of the driver's side of the Porsche and run across the freeway with the passenger. 
Strohl was concerned that appellant and the passenger would not contact the police,
and decided to follow them. Strohl proceeded to a nearby police substation and
waited with his lights turned off to see if the two individuals would report the
accident. The men did not stop by the substation.

 Strohl signaled to a nearby police officer who was at the corner of Memorial
and Post Oak. Strohl told Officer A. Holden that he had been cut off by a driver on
I-10, and that the same car was later in a multi-car accident, in which two individuals
left the scene without reporting to the police. Although the accident was not visible
from the corner of Memorial and Post Oak, Strohl testified that he heard sirens. 
Strohl's initial suspicion was that the Porsche was stolen and the occupants were
joyriding, but he later suspected they were driving drunk when they left the scene of
the accident because they were not running very fast.

 After speaking with the officer, Strohl asked her to follow him to where the
individuals had been walking. When they reached this place, Officer Holden saw two
men walking down the street. When Strohl identified them, Holden stopped and
asked them if they had been involved in the accident. They denied being involved in
an accident, or owning a Porsche, and told the officer they were going to the
Houstonian Hotel. Officer Holden asked the two men to wait while she investigated
further. Officer Holden proceeded to interview Strohl, and Strohl identified appellant
as the driver of the Porsche. Officer Holden called for backup to investigate a
possible failure to stop and give information (FSGI), and a possible failure to stop and
render aid (FSGA), as an ambulance arrived on the freeway.

 Houston Police Officer Margaret Ogrodowicz arrived at the scene to assist
Officer Holden. Holden apprised Ogrodowicz of the situation and indicated appellant
was the driver of the Porsche. At that point, appellant and the passenger were
questioned separately. Officer Ogrodowicz questioned appellant, who told her that
he and his companion had just walked from a convenience store and were walking to
a friend's house. While talking to appellant, Officer Orgodowicz noticed appellant
was slurring his speech and had the odor of alcohol on his breath. Appellant also had
bloodshot and glassy eyes. When asked if he had been drinking, appellant told
Officer Ogrodowicz he had consumed about seven beers and two shots of tequila
while at a pool hall with his friend.

 Officer Ogrodowicz then spoke with appellant's companion, who told the
officer they had been involved in the accident. During this time, both officers agreed
that appellant was possibly intoxicated. Officer Ogrodowicz knew appellant had been
involved in an accident and that he was the driver, and therefore suspected he was
intoxicated. Officer Ogrodowicz also felt appellant was a danger to himself or others
based on her observations and his actions. In addition, Officer Holden explained:

 After Ogrodowicz and I separated them and talked to them for awhile
and realized that they were intoxicated and that we did have someone
that identified the defendant as the driver. Then we could - then we
arrested him. I shouldn't say arrested him, we placed him under arrest
for suspicion of driving while intoxicated and suspicion of perhaps [sic]
he caused an accident, FSGI.

 

 After appellant was handcuffed, the officers removed a set of Porsche keys
from his pocket. Houston Police Officer Borgstedte was called to the scene and
performed several field-sobriety tests on appellant. Appellant's performance on the
field-sobriety tests revealed he was highly intoxicated. Officer Borgstedte also
noticed the odor of alcohol on appellant's breath. The other officers informed
Borgstedte that Strohl had seen appellant behind the wheel of a vehicle that had been
involved in a nearby accident. Borgstedte placed appellant under arrest for suspicion
of driving while intoxicated.

Probable Cause


 In his three points of error, appellant contends the trial court erred in overruling
appellant's motion to suppress all evidence because there was no probable cause to
arrest appellant for failure to stop and give information (FSGI), failure to stop and
render aid (FSRA), driving while intoxicated, or public intoxication. Appellant
contends the officers had not observed him driving and could not arrest him for
driving while intoxicated. Moreover, appellant contends the officers' determination
that he was a danger to himself or others was improper. Appellant does not contend
there was a lack of reasonable suspicion for his stop. Appellant raises both state and
federal constitutional challenges, but briefs only the state constitutional challenge.

 Although great weight should be given to the inferences drawn by the trial
court, determinations of reasonable suspicion and probable cause are reviewed de
novo on appeal. Guzman v. State, 955 S.W.2d 85, 87-88 (Tex. Crim. App. 1997). 
During a motion to suppress hearing, the trial court is the sole trier of fact and
determines the credibility of the witnesses and the weight to be given their testimony. 
State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). 

 Appellant contends the officers did not have enough evidence to support
probable cause to believe appellant had committed a crime. A private citizen who
contacts the police for the sole purpose of reporting a criminal act is inherently
credible and reliable. Tribble v. State, 792 S.W.2d 280, 284 (Tex. App.--Houston
[1st Dist.] 1990, no pet.); Esco v. State, 668 S.W.2d 358, 360-61 (Tex. Crim. App.
[Panel Op.] 1982). An informant's explicit and detailed description of wrongdoing,
along with a statement that the informant actually saw the reported criminal act,
entitles the informant's tip to greater weight than otherwise might be the case. 
Illinois v. Gates, 462 U.S. 213, 234-35, 103 S. Ct. 2317, 2330 (1983). 

 Appellant contends an officer may not arrest without a warrant for driving
while intoxicated when the officer did not observe the defendant driving the vehicle. 
Appellant relies on article 14.01(b) of the Texas Code of Criminal Procedure, which
permits a warrantless arrest for driving while intoxicated only when the offense is
committed in the view or presence of the arresting officer. Tex. Code Crim. P. Ann.
§ 14.01(b) (Vernon 1977). Even though no officer saw appellant driving, a
warrantless arrest for DWI may be upheld if appellant was subject to a public-intoxication charge. Reynolds v. State, 902 S.W.2d 558, 560 (Tex. App.--Houston
[1st Dist.] 1995, pet. ref'd) (citing Warrick v. State, 634 S.W.2d 707, 709 (Tex. Crim.
App. 1982)). In Reynolds, we held:

 The Texas Court of Criminal Appeals has indicated, however, that an
arrest for driving while intoxicated is not necessarily invalid merely
because the arresting officer did not see the defendant drive his car,
since the defendant may still be subject to a public-intoxication charge
. . . . The Fifth Circuit has recognized that where a defendant was
arrested for the "wrong" offense, the arrest is nonetheless valid where
the crime for which there was probable cause to believe he had
committed are closely related and there is no proof of sham or fraud.


Reynolds, 902 S.W.2d at 560 (citing Warrick, 634 S.W.2d at 709).

 Thus, if there was probable cause for public-intoxication, appellant's arrest was
proper. The offense of public intoxication occurs when an individual appears in a
public place while intoxicated and is so intoxicated that he might endanger himself
or another. Tex. Penal Code Ann. § 49.02(a) (Vernon 1994). The determination
is based on the reasonable and prudent officer's knowledge at the time that would
lead the officer to belief that an offense was committed. Reynolds, 902 S.W.2d at
560. 

 Appellant contends observations by the officers that he appeared to have glassy
eyes and a strong odor of alcohol on his breath do not support probable cause for a
public intoxication arrest. See Commander v. State, 748 S.W.2d 270, 271 (Tex.
App.--Houston [14th Dist.] 1988, no pet.). Appellant contends he could not have
been a danger to himself or others by walking normally down the street while wearing
a light-colored jacket. 

 Commander is distinguishable because there was no evidence of an accident
in that case. Commander, 748 S.W.2d at 271. Moreover, in Mathieu v. State, we held
there was sufficient probable cause to arrest for public intoxication when the
defendant had been driving a vehicle in a multi-car accident even though the officer
did not see the defendant driving. Mathieu v. State, 992 S.W.2d 725, 728 (Tex.
App.--Houston [1st Dist.] 1999, no pet.). In addition, a police officer can believe a
defendant involved in a single-car accident could be a danger to herself so as to be
subject to arrest for public intoxication. Carrasco v. State, 712 S.W.2d 120, 121-22
(Tex. Crim. App. 1986). 

 In this case, all three officers observed a strong odor of alcohol on appellant's
breath. Appellant admitted drinking seven beers and two shots of tequila. 
Additionally, appellant failed the field-sobriety test and officers knew appellant had
been involved in an accident. Officer Ogrodowicz also testified that appellant was
a danger to himself. The arrest for public intoxication was proper because appellant
was a danger to himself or others as he walked along the street to an unknown
destination after leaving the scene of an automobile accident. Accordingly, we hold
there was sufficient probable cause to support an arrest for public intoxication. 
Having held there was probable cause for a public intoxication arrest, it is not
necessary to address the issue of probable cause for failure to stop and give
information or failure to stop and render aid.

 We overrule appellant's three points of error.




Conclusion

 We affirm the judgment of the trial court.



 Tim Taft

 Justice


Panel consists of Chief Justice Schneider, and Justices Taft and Radack.

Do not publish. Tex. R. App. P. 47.4.