# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00190-CR

**Michael Ogden, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY
### NO. 2c01-08023, HONORABLE JOHN BARINA, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Michael Ogden appeals his conviction for misdemeanor driving while intoxicated (DWI). *See* Tex. Pen. Code Ann. ' 49.04 (West 2003).  Ogden filed a motion to suppress the evidence of his arrest, which the trial court denied.  Ogden then pled no contest and was found guilty of driving while intoxicated.  He was sentenced to three months of imprisonment, suspended for twelve months of probation, and fined $600.  In one issue on appeal, Ogden contends that the trial court erred in denying his motion to suppress because no probable cause existed to justify his arrest without a warrant.  We hold that he was properly arrested for public intoxication and there was probable cause to charge him with DWI. Therefore, we affirm the trial court=s judgment.

## BACKGROUND

Temple police officer Jeremy Gooch was called to the scene of a two-car traffic accident by Officer Woods, who had arrived on the scene first but had to leave to attend to his other duties as a physician at the local hospital. Woods briefed Gooch on his observations, including his suspicion that Ogden was intoxicated. Gooch then approached Ogden, observed various signs of intoxication, and conducted field-sobriety tests. Based on Ogden=s performance on these tests, Gooch placed him under arrest for public intoxication.

As Gooch was arresting Ogden, two other Temple police officers arrived on the scene to take witness statements from the driver and passenger of the other vehicle. Both witnesses described a near head-on collision with their vehicle, initiated by a vehicle driven by Ogden. The passenger testified that he believed Ogden was intoxicated at the scene. These statements, coupled with Ogden=s performance on the field-sobriety tests, formed the basis of the DWI charge.

Ogden filed a motion to suppress the evidence of his arrest and search, alleging that there was no probable cause to support the arrest without a warrant. After the trial court denied his motion, Ogden pled no contest and was convicted for DWI.

## STANDARD OF REVIEW

We review the trial court=s ruling on a motion to suppress under an abuse of discretion standard. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002); *Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). We view the evidence in the light most favorable to the trial court=s ruling. *State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999). Although we afford almost total deference to the trial court=s determination of facts that the record supports, we Areview *de novo* the court=s application of the law of search and seizure to those facts.@ *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); *see also Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). If the judge=s decision is correct on any theory of law applicable to the case, the decision will be sustained. *Ross*, 32 S.W.3d at 855-56.

## DISCUSSION

In one issue, Ogden contends that the trial court erred in denying his motion to suppress because no officer observed him driving a vehicle and the field-sobriety tests were conducted forty-five minutes after the accident occurred. Therefore, he argues, his warrantless arrest for DWI was illegal.

The Texas Court of Criminal Appeals, however, has indicated that an arrest under these circumstances may be valid even if the arresting officer did not see the defendant drive his car, because the defendant may still be subject to a public intoxication charge. *Warrick v. State*, 634 S.W.2d 707, 709 (Tex. Crim. App. 1982) (citing *United States v. Fossler*, 597 F.2d 478 (5th Cir. 1979)). Whenever an intoxicated person is in an officer=s presence and there is probable cause to arrest him for public intoxication, the officer may do so without a warrant, even though a warrantless arrest of that person for DWI would be unlawful. *Elliott v. State*, 908 S.W.2d 590, 592 (Tex. App.CAustin 1995, writ ref=d)

3

(warrantless arrest for DWI upheld when arresting officer had probable cause to believe appellant was intoxicated in public place to degree that he might endanger self or others); *Reynolds v. State*, 902 S.W.2d 558, 559-60 (Tex. App.CHouston [1st Dist.] 1995, writ ref=d). Therefore, the only real issue before us is the validity of the initial *arrest*, not of the subsequent *charge*.[1] Ogden does not contest the validity of his arrest for public intoxication.

A peace officer may arrest any offender without warrant for an offense committed in his presence or within his view. Tex. Code Crim. Proc. Ann. art. 14.01 (West 1977). A person commits public intoxication if he appears in a public place while intoxicated to the degree that he may endanger himself or another. Tex. Pen. Code Ann. ' 49.02 (West 2003). Ogden correctly cites the standard for probable cause: when the facts and circumstances within an officer=s personal knowledge and of which he has reasonably trustworthy information are sufficient to warrant a person of reasonable caution in the belief that, more likely than not, a particular suspect has committed an offense. *State v. Garrett*, 22 S.W.3d 650, 653-54 (Tex. App.CAustin 2000, no pet.) (citing *Hughes v. State,* 878 S.W.2d 142, 154 (Tex. Crim. App. 1992)).

---

[1] In *Reynolds*, even though the arresting officer testified that he arrested the appellant for DWI rather than public intoxication, the court nevertheless affirmed, on a determination that the record supported a warrantless arrest for public intoxication. *Reynolds v. State*, 902 S.W.2d 558, 560 (Tex. App.CHouston [1st Dist.] 1995, pet. ref=d).

Substantial evidence in the record supports a finding of probable cause for Ogden=s arrest for public intoxication. Officer Gooch testified that his own observations of Ogden, as well as Ogden=s performance on the field-sobriety tests, lead him to believe that Ogden was intoxicated at the scene. Furthermore, Gooch knew that Ogden had been driving the vehicle that collided with that of the witnesses. This knowledge provided sufficient probable cause for Gooch to believe that Ogden was intoxicated, and that allowing Ogden to leave the scene in his vehicle would pose a danger to himself or others. *See Mathieu v. State*, 992 S.W.2d 725, 728 (Tex. App.CHouston [1st Dist.] 1999, no pet.) (officer observing signs of intoxication in driver of car who caused four-car accident had sufficient probable cause to arrest driver for public intoxication); *Carrasco v. State*, 712 S.W.2d 120, 122 (Tex. Crim. App. 1986) (officers who observed symptoms of intoxication in driver of car involved in one-car accident had sufficient probable cause to believe she posed danger to herself or others to arrest for public intoxication). Thus, Ogden was lawfully arrested for public intoxication, and the trial court did not err in denying his motion to suppress on the ground that no officer observed him driving.[2]

Ogden also argues that the results of his field-sobriety tests should have been suppressed because they cannot be regarded as Aretroactively specific@ for driving while intoxicated forty-five minutes earlier. Yet Ogden cites no authority in support of his contention that field-sobriety tests performed forty-five minutes after an alleged DWI offense are unreliable. On the contrary, the court of criminal appeals has held that retrograde extrapolation, at least of breath-alcohol-concentration test results, can be reliable in a

---

[2] We do not reach Ogden=s argument that he was not in a Asuspicious place@ for an arrest without a warrant, *see* Tex. Code Crim. Proc. Ann. art. 14.03 (West Supp. 2004), because the offense of public intoxication was committed in the officers= presence.

5

given case. *See Mata v. State*, 46 S.W.3d 902, 916 (Tex. Crim. App. 2001). Furthermore, the field-sobriety test results are not the only evidence upon which the trial court could have relied in finding probable cause for this DWI charge. There was testimony from the passengers of the other vehicle supporting the findings that Ogden was both intoxicated and operating his vehicle when it collided with theirs. Ogden provides no support for the contention that his conviction for DWI would have relied exclusively on the field-sobriety test results. Accordingly, we defer to the findings of the trial court.

Because the evidence is sufficient to support a warrantless arrest of Ogden for public intoxication, the trial court did not err in denying the motion to suppress.

We affirm the judgment of the trial court.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed:   February 20, 2004

Do Not Publish

6