Affirmed and Memorandum Opinion filed June 24, 2010.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00281-CR



 

Bradley James Scharf, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the County Criminal
Court at Law No. 12

Harris County, Texas

Trial Court Cause No. 1538544



 

MEMORANDUM  OPINION

 

Appellant Bradley James Scharf appeals his conviction
for driving while intoxicated (DWI) challenging the trial court’s ruling on his
motion to suppress.  We affirm.

I.  Factual
and Procedural Background

Late in the evening on July 18, 2008, Bryan Bayani,
an Emergency Medical Technician, was dispatched to the scene of a motor vehicle
accident.  When he first entered the parking lot in which the accident took
place, Bayani observed a van with its front tires over the curb that acted as a
barricade for the lot.  As he approached the vehicle, he heard the engine
running.  He observed appellant in the driver’s seat slumped toward the center
of the vehicle with the transmission in the drive position.  He knocked on the
window at which point appellant awakened and opened the door.  Bayani reached
into the van, put the transmission in park, and removed the keys from the
ignition.  After appellant opened the door, Bayani noticed a strong odor of
alcohol and asked appellant whether he had been drinking.  Appellant answered
that he had been drinking.  Bayani noted that appellant had difficulty standing
and his speech was slurred.

Harris County Deputy Corey Alexander also responded
to the scene of the accident.  He also observed the vehicle stopped over the
curb in the parking lot.  He talked with appellant who informed Deputy
Alexander that he was trying to go home.  Deputy Alexander asked whether appellant
had been drinking and appellant admitted he had been at a local bar with
several co-workers having a few drinks.  Deputy Alexander asked appellant to
step out of the vehicle.  Appellant had difficulty maintaining his balance, had
red, glassy eyes, and spoke with slurred speech.  Appellant performed several
field sobriety tests in which he showed signs of intoxication.  Deputy
Alexander formed the opinion that appellant had lost the normal use of his
mental faculties due to the ingestion of alcohol.  Deputy Alexander arrested
appellant for driving while intoxicated.

Prior to trial, appellant filed a motion to suppress
in which he alleged that he was seized without any reasonable suspicion that he
was engaged in criminal activity.  The trial court held a hearing at which
Bayani and Alexander testified.  Appellant argued in his motion and at the
hearing that Deputy Alexander lacked probable cause to arrest appellant because
there was insufficient evidence that appellant was operating the vehicle.  The
trial court denied appellant’s motion stating, “There’s clearly sufficient
evidence in this record to indicate there was probable cause to arrest the
defendant for public intoxication, if not D.W.I.[.]”

In a single issue, appellant contends the trial court
erred in denying his motion to suppress because the evidence did not establish
probable cause for arrest.  

II.  Standard of Review

            The
appropriate standard of review for a suppression ruling is a bifurcated review,
giving almost total deference to the trial court’s findings of fact, but
conducting a de novo review of its application of law to those facts.  Maxwell
v. State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002).  The denial of a
motion to suppress should be upheld if the ruling is reasonably supported by
the record and correct on any theory of the law applicable to the case.  Laney
v. State, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003).  

III.  Discussion

Appellant argues his arrest was without probable
cause because there was insufficient evidence to show he was operating the
vehicle.  A police officer may make a warrantless arrest if (1) there is
probable cause to believe that an offense has been committed or is being
committed and (2) the arrest falls within one of the statutory exceptions to
the warrant requirement specified in articles 14.01 through 14.04 of the Texas
Code of Criminal Procedure.  Stull v. State, 772 S.W.2d 449, 451 (Tex. Crim.
App. 1989).  Probable cause for a warrantless arrest exists when a police
officer has reasonably trustworthy information, considered as a whole, that is
sufficient to cause a reasonable, prudent officer to believe that a particular
person has committed or is committing an offense.  See Hughes v. State,
24 S.W.3d 833, 838 (Tex. Crim. App. 2000).  A reviewing court is to consider
the totality of the circumstances when determining whether the facts were
sufficient to give the officer probable cause to arrest the defendant.  Chilman
v. State, 22 S.W.3d 50, 56 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d).
 

As a general rule, an officer may not make a
warrantless arrest for DWI unless probable cause exists and the DWI is
committed in the presence or view of an officer. Tex. Code Crim. Proc. Ann.
art.  14.01 (Vernon 2005); ); see also Atwater v. City of Lago Vista,
534 U.S. 318, 354, 121 S.Ct. 1536, 1557, 149 L.Ed.2d 549 (2001) (“If an officer
has probable cause to believe that an individual has committed even a very
minor criminal offense in his presence, he may, without violating the Fourth Amendment,
arrest the offender.”).  However, if Deputy Alexander had probable cause to
arrest appellant for public intoxication and the offense of public intoxication
was committed in Alexander’s presence or view, the arrest is considered valid.  See
Warrick v. State, 634 S.W.2d 707, 709 (Tex. Crim. App. 1982); Alonzo v.
State, 251 S.W.3d 203, 209–10 (Tex. App.—Austin 2008, pet. ref’d).  “Whenever
an intoxicated person is in an officer’s presence and there is probable cause
to arrest him for public intoxication, the officer may do so without a warrant,
even though a warrantless arrest of that person for the offense of driving
while intoxicated would be unlawful.” Mathieu v. State, 992 S.W.2d 725,
728 (Tex. App.—Houston [1st Dist.] 1999, no pet.).  Moreover, the arrest is not
invalid simply because the officer labels the offense “driving while
intoxicated.”  Id.

The offense of public intoxication occurs when an
individual (1) appears in a public place while intoxicated, and (2) is so
intoxicated that he might endanger himself or another.  See Tex. Penal Code
Ann. § 49.02(a) (Vernon Supp. 2009).  The danger need not be immediate or
apparent; it is sufficient if the defendant places himself or others in
potential danger.  See Dickey v. State, 552 S.W.2d 467, 468 (Tex. Crim. App.
1977).  

In this case, both Bayani and Alexander testified
that appellant appeared intoxicated, had difficulty standing, and spoke with
slurred speech.  Therefore, we look to whether the evidence established that
under the facts and circumstances within the officer’s knowledge, he had
reasonably trustworthy information that would warrant a prudent person in
believing that the defendant or others were facing potential danger.  See Britton
v. State, 578 S.W.2d 685, 689 (Tex. Crim. App. 1978); see e.g., White
v. State, 714 S.W.2d 78, 79 (Tex. App.—San Antonio 1986, no pet.) (probable
cause to arrest for public intoxication existed because of the dangers inherent
in a parking lot).  When an officer is confronted with a person intoxicated in
a public place, his determination as to probable danger that may befall the
individual is not reviewed under the same standard used in a judicial
determination of guilt.  Britton, 578 S.W.2d at 689, citing McCray
v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967) and Beck
v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964).

In this instance, Deputy Alexander formed the
opinion, based on the totality of the circumstances, that appellant was
intoxicated and was a danger to himself or others.  The factors leading him to
this conclusion were that appellant had a strong odor of alcohol on his breath,
his eyes were red and glassy, he was unsteady on his feet, had slurred speech,
and admitted to consuming alcoholic beverages prior to the accident.  Appellant
was discovered passed out in his vehicle with the engine running and the
transmission in drive.  Considering the totality of the circumstances, it was
not unreasonable for Alexander to believe that appellant was intoxicated in a
public place and presented a danger to himself or others.  See Reynolds v.
State, 902 S.W.2d 558, 560 (Tex. App.—Houston [1st Dist.] 1995, pet. ref’d)
(holding that intoxicated subject, after causing accident, posed danger to
himself and others because if he had not been arrested, “he would have been
free to depart in his car”); Segura v. State, 826 S.W.2d 178, 185 (Tex. App.—Dallas
1992, pet. ref’d) (holding that appellant, who had been involved in an accident,
posed danger to himself or others because he “could have run or driven from the
scene in an intoxicated manner”).

Because there was probable cause to arrest appellant
for public intoxication, we need not decide whether there was probable cause to
arrest him for driving while intoxicated.  Appellant’s arrest for public
intoxication was lawful; therefore, the trial court did not err in denying
appellant’s motion to suppress.  Accordingly, we overrule appellant’s issue.

The judgment of the trial court is affirmed.

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Anderson, Frost, and Seymore.

Do Not Publish — Tex. R. App. P. 47.2(b).