NO. 07-09-00227-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 19, 2011

DAYLE PAYTON RIGGAN, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 19,260-A; HONORABLE HAL MINER, JUDGE

Before CAMPBELL and HANCOCK, JJ., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appellant Dayle Payton Riggan appeals from the denial of his motion to suppress evidence found following his arrest for public intoxication. After the trial court's ruling, he was convicted by a jury of the offense of possession of methamphetamine with intent to deliver, enhanced, and sentenced to twenty-five years in the Institutional Division of

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

the Texas Department of Criminal Justice. Through one issue, appellant contends the trial court erred in denying his motion to suppress. We will affirm.

Background

Appellant was charged by indictment with the offense of possession of methamphetamine with intent to deliver.[2] Appellant filed a motion to suppress the methamphetamine, which was found in his pocket after his arrest for public intoxication. At the hearing on his motion to suppress, the Amarillo police officer who arrested appellant was the only witness. The officer testified that police responded to a traffic accident report just after five o'clock in the morning. When the officers arrived, they found a blue Volvo that had partially jumped a curb and was embedded in a bush. The car was partially on the roadway. An officer looked inside the car and found one person, appellant, "slumped down as if he was asleep." The officer had to shake appellant to wake him up.

The officers noticed the odor of alcohol emitting from inside the vehicle, and then smelled alcohol on appellant's person as he got out of the car. One officer observed appellant had "red bloodshot eyes, kind of just wasn't all there . . . he appeared to be

---

[2] *See* Tex. Health & Safety Code Ann. § 481.112(d) (West 2003). This is a first degree felony punishable by imprisonment for a term of not more than 99 years or less than 5 years and a fine not to exceed $10,000. *See* Tex. Penal Code Ann. § 12.32 (West 2009). Appellant's indictment for this offense also included an enhancement paragraph setting forth appellant's previous final felony conviction for possession of a controlled substance. His punishment for the current offense thus was enhanceable pursuant to section 12.42 of the Penal Code. *See* Tex. Penal Code Ann. § 12.42 (West 2003).

intoxicated . . . ." The officer testified "it looked like [appellant] had wrecked into the bush." He testified he believed appellant would have caused a danger to the public if he had been released at that time. After placing him under arrest for public intoxication, the officer "had to assist [appellant] a little bit" as he escorted him to the patrol car.

When the officer searched appellant's person, incident to his arrest, the officer located a baggie with a pink crystal-type substance he believed to be "crystal meth" in appellant's front right pocket.[3] He located a digital scale in appellant's front left pocket. The officer informed appellant he then was under arrest for possession of narcotics and possession of paraphernalia.

Analysis

The issue briefed on appeal is whether the officer had probable cause to arrest appellant for public intoxication.[4] Appellant contends that probable cause for the arrest was lacking. We review the trial court's ruling on a motion to suppress under an abuse of discretion standard. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex.Crim.App. 2002); *Oles v. State*, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999). Although we afford almost total deference to the trial court's determination of facts that the record supports, we

---

[3] At trial, evidence showed the substance weighed 16.06 grams and contained methamphetamine.

[4] The assumption underlying appellant's argument is that the lawfulness of the search by which the officer discovered the methamphetamine and digital scales in his pockets depends on the lawfulness of his arrest for public intoxication. We decide here only the question presented and do not examine the underlying assumption.

"review *de novo* the court's application of the law of search and seizure to those facts." *State v. Ross*, 32 S.W.3d 853, 856 (Tex.Crim.App. 2000); *see also Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). When, as here, no findings of fact were requested or filed, an appellate court reviews the evidence in the light most favorable to the trial court's ruling and assumes the trial court made implicit findings of fact supported by the record. *Ross,* 32 S.W.3d at 855-56. If the judge's decision is correct on any theory of law applicable to the case, the decision will be sustained. *Id.*

A peace officer may arrest an offender without warrant for an offense committed in his presence or within his view.[5] Tex. Code Crim. Proc. Ann. art. 14.01 (West 1977). A person commits public intoxication if he appears in a public place while intoxicated to the degree that he may endanger himself or another. Tex. Penal Code Ann. § 49.02 (West 2010). A "public place" is defined as "any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops." *Id*. § 1.07(a)(40) (West 2010). "Intoxicated" is defined to mean not having the normal use of mental or physical faculties by reason of the introduction of alcohol or another substance into the body; or having an alcohol concentration of 0.08 or more. Tex. Penal Code Ann. § 49.01(2) (West 2010). The State must prove only that the person poses a potential, not an actual, danger. *See Segura v. State*, 826 S.W.2d 178, 184 (Tex.App.--Dallas 1992, pet. ref'd) (applying

_____

[5] It is not necessary for the officer to observe an individual driving to arrest for public intoxication. *See, e.g., Warrick v. State,* 634 S.W.2d 707, 709 (Tex.Crim.App. 1982). *See also Reynolds v. State,* 902 S.W.2d 558, 560 (Tex.App.—Houston [1st Dist.], pet. ref'd).

former version of public intoxication statute). The danger need not be immediate or apparent; it is sufficient if the defendant places himself or others in potential danger. *See Dickey v. State*, 552 S.W.2d 467, 468 (Tex.Crim.App. 1977) (also applying former public intoxication statute); *Loera v. State*, 14 S.W.3d 464, 467 (Tex.App.--Dallas 2000, no pet.).

Probable cause exists when the facts and circumstances within an officer's personal knowledge and of which he has reasonably trustworthy information are sufficient to warrant a person of reasonable caution in the belief that, more likely than not, a particular suspect has committed an offense. *State v. Garrett*, 22 S.W.3d 650, 653-54 (Tex.App.--Austin 2000, no pet.) (citing *Hughes v. State,* 878 S.W.2d 142, 154 (Tex. Crim. App. 1992)).

Evidence that appellant was driving a car that jumped the curb and was left partly in the street and partly out of the street in a bush; was apparently asleep in the vehicle; had a strong odor of alcohol about him; had red bloodshot eyes and appeared not "all there" to the officer; and required assistance from the officer to get to the patrol car supported the officer's opinion appellant was intoxicated and would have caused a danger to the public if released. Viewed in the light most favorable to the court's ruling, the evidence supports the court's implicit conclusion the officer had probable cause to believe appellant lacked the normal use of his mental or physical faculties by reason of the introduction of alcohol, to the degree that he posed a danger to himself or others. *See, e.g., Elliot v. State,* 908 S.W.2d 590, 592 (Tex.App.—Austin 1995, pet. ref'd) (also finding probable cause to arrest driver for public intoxication after accident).

5

In support of his contention that probable cause for the arrest was lacking, appellant argues there was no indication why appellant's vehicle had jumped the curb or that it's doing so was caused by alcohol. We do not disagree with the argument, but it does not help appellant. A determination of causation for the vehicle's collision with the bush was not necessary to the trial court's resolution of the issue of probable cause for a belief appellant was guilty of public intoxication. And certainly there is nothing about the apparent curb-jumping collision that is helpful to appellant's contention the officer lacked probable cause for such a belief.

Appellant also points out the officer testified appellant was coherent and cooperative, and the officers did not offer appellant a field sobriety test of any kind. Neither of those facts required the court to find probable cause was lacking.

Having reviewed the record, we overrule appellant's sole issue and affirm the trial court's judgment.


James T. Campbell
Justice


Do not publish.


6