NO. 07-02-0377-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



FEBRUARY 5, 2003


______________________________



IN THE MATTER OF THE MARRIAGE OF JAIME LIZAMA


AND ROSEMARY LIZAMA AND IN THE INTEREST OF


BIANCA LIZAMA, ERICA LIZAMA, AND JAIME LIZAMA,


MINOR CHILDREN


_________________________________



FROM THE 100TH DISTRICT COURT OF CHILDRESS COUNTY;



NO. 8835; HON. DAVID MCCOY, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before JOHNSON, C.J., QUINN, J. and BOYD, S.J. (1)

 Through one issue, appellant Rosemary Lizama (Rosemary) contests the trial
court's decision to award primary custody of her children to Jaime Lizama (Jaime), their
father and her former spouse. Allegedly, the trial court abused its discretion in so
awarding Jaime custody since no evidence supported its decision. We overrule the issue
and affirm the judgment.

 No court reporter's record has been filed in this cause. Furthermore, nothing
indicates that Rosemary requested or otherwise made arrangements to secure one. 
Rather, she informed us, via the docketing sheet, that one would be obtained if it were
affordable and, via her appellant's brief, that she "has not filed a Reporter's Record
(Statement of Facts)." (2) Her having opted to proceed without obtaining a reporter's record
obligates us to presume that the evidence contained in the missing document supports the
trial court's ruling. In re Spiegel, 6 S.W.3d 643, 646 (Tex. App.--Amarillo 1999, no pet.). 
So, because our consideration of Rosemary's sole issue is dependent upon a review of
the evidence presented at trial and we now must presume that the trial court's ruling was
supported by the evidence presented at trial, we have no choice but to overrule the issue.

 Accordingly, the issue is overruled and the judgment is affirmed. 

 

 Brian Quinn

 Justice 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex.
gov't code ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. Rosemary did not file an affidavit or like document under Texas Rule of Appellate Procedure
20.1 entitling her to proceed on appeal as an indigent.



ing 8"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00227-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



JULY
19, 2011

 



 

DAYLE PAYTON RIGGAN, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 47TH DISTRICT COURT OF
RANDALL COUNTY;

 

NO. 19,260-A; HONORABLE HAL MINER, JUDGE



 



 

Before CAMPBELL  and HANCOCK, JJ., and BOYD, S.J.[1]

 

MEMORANDUM OPINION

 

            Appellant
Dayle Payton Riggan appeals from the denial of his motion to suppress evidence
found following his arrest for public intoxication.  After the trial courts ruling, he was
convicted by a jury of the offense of possession of methamphetamine with intent
to deliver, enhanced, and sentenced to twenty-five years in the Institutional
Division of the Texas Department of Criminal Justice.  Through one issue, appellant contends the
trial court erred in denying his motion to suppress.  We will affirm. 

Background

            Appellant
was charged by indictment with the offense of possession of methamphetamine
with intent to deliver.[2]
Appellant filed a motion to suppress the methamphetamine, which was found in
his pocket after his arrest for public intoxication. At the hearing on his
motion to suppress, the Amarillo police officer who arrested appellant was the
only witness.  The officer testified that
police responded to a traffic accident report just after five oclock in the
morning.  When the officers arrived, they
found a blue Volvo that had partially jumped a curb and was embedded in a bush.
The car was partially on the roadway. An officer looked inside the car and found
one person, appellant, slumped down as if he was asleep.  The officer had to shake appellant to wake
him up.  

            The
officers noticed the odor of alcohol emitting from inside the vehicle, and then
smelled alcohol on appellants person as he got out of the car.  One officer observed appellant had red
bloodshot eyes, kind of just wasnt all there . . . he appeared to be
intoxicated . . . .  The officer
testified it looked like [appellant] had wrecked into the bush.  He testified he believed appellant would have
caused a danger to the public if he had been released at that time.  After placing him under arrest for public
intoxication, the officer had to assist [appellant] a little bit as he
escorted him to the patrol car. 

            When
the officer searched appellants person, incident to his arrest, the officer
located a baggie with a pink crystal-type substance he believed to be crystal
meth in appellants front right pocket.[3]  He located a digital scale in appellants
front left pocket.  The officer informed
appellant he then was under arrest for possession of narcotics and possession
of paraphernalia.  

                                                                        Analysis

            The
issue briefed on appeal is whether the officer had probable cause to arrest
appellant for public intoxication.[4]  Appellant contends that probable cause for
the arrest was lacking. We review the
trial court's ruling on a motion to suppress under an abuse of discretion standard. Balentine v. State,
71 S.W.3d 763, 768 (Tex.Crim.App. 2002); Oles v. State,
993 S.W.2d 103, 106 (Tex.Crim.App. 1999). Although we afford almost total deference to the trial
court's determination of facts that the record supports, we "review de
novo the court's application of the law of search and seizure to those
facts." State v. Ross,
32 S.W.3d 853, 856 (Tex.Crim.App. 2000); see also Guzman v. State,
955 S.W.2d 85, 89 (Tex.Crim.App. 1997). When, as here, no findings of fact were requested or filed,
an appellate court reviews the evidence in the light most favorable to the
trial courts ruling and assumes the trial court made implicit findings of fact
supported by the record.  Ross, 32 S.W.3d at 855-56. If the
judge's decision is correct on any theory of law applicable to the case, the
decision will be sustained. Id.

            A
peace officer may arrest an offender without warrant for an offense committed
in his presence or within his view.[5]
Tex. Code Crim. Proc. Ann. art. 14.01 (West 1977). A person commits public
intoxication if he appears in a public place
while intoxicated to the degree that he may endanger himself or another. Tex. Penal Code Ann. § 49.02 (West 2010). A "public
place" is defined as "any place to which the public or a
substantial group of the public has access and includes, but is
not limited to, streets, highways, and the common areas of schools, hospitals,
apartment houses, office buildings, transport facilities, and shops." Id.
§ 1.07(a)(40) (West 2010). Intoxicated is defined to mean not having the
normal use of mental or physical faculties by reason of the introduction of
alcohol or another substance into the body; or having an alcohol concentration
of 0.08 or more.  Tex. Penal Code Ann. §
49.01(2) (West 2010).  The State must
prove only that the person poses a potential, not an actual, danger. See Segura v. State,
826 S.W.2d 178, 184 (Tex.App.--Dallas 1992, pet. ref'd) (applying former version of public
intoxication statute). The danger need not be immediate or apparent; it is
sufficient if the defendant places himself or others in potential danger. See
Dickey v. State,
552 S.W.2d 467, 468 (Tex.Crim.App. 1977) (also applying former public intoxication statute); Loera v. State,
14 S.W.3d 464, 467 (Tex.App.--Dallas 2000, no pet.). 

Probable cause exists when the facts
and circumstances within an officer's personal knowledge and of which he has
reasonably trustworthy information are sufficient to warrant a person of
reasonable caution in the belief that, more likely than not, a particular
suspect has committed an offense. State v. Garrett,
22 S.W.3d 650, 653-54 (Tex.App.--Austin 2000, no pet.) (citing Hughes v. State, 878
S.W.2d 142, 154 (Tex. Crim. App. 1992)).

            Evidence
that appellant was driving a car that jumped the curb and was left partly in
the street and partly out of the street in a bush; was apparently asleep in the
vehicle; had a strong odor of alcohol about him; had red bloodshot eyes and
appeared not all there to the officer; and required assistance from the
officer to get to the patrol car supported the officers opinion appellant was
intoxicated and would have caused a danger to the public if released. Viewed in
the light most favorable to the courts ruling, the evidence supports the
courts implicit conclusion the officer had probable cause to believe appellant
lacked the normal use of his mental or physical faculties by reason of the
introduction of alcohol, to the degree that he posed a danger to himself or
others.  See, e.g., Elliot v. State, 908 S.W.2d 590, 592 (Tex.App.Austin
1995, pet. refd) (also finding probable cause to arrest driver for public
intoxication after accident). 

In support of his contention that
probable cause for the arrest was lacking, appellant argues there was no
indication why appellants vehicle had jumped the curb or that its doing so
was caused by alcohol.  We do not
disagree with the argument, but it does not help appellant.  A determination of causation for the
vehicles collision with the bush was not necessary to the trial courts
resolution of the issue of probable cause for a belief appellant was guilty of
public intoxication.  And certainly there
is nothing about the apparent curb-jumping collision that is helpful to
appellants contention the officer lacked probable cause for such a belief.

Appellant also points out the officer
testified appellant was coherent and cooperative, and the officers did not
offer appellant a field sobriety test of any kind.  Neither of those facts required the court to
find probable cause was lacking.

Having reviewed the record, we
overrule appellants sole issue and affirm the trial courts judgment.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

 

Do not publish.











[1] John T. Boyd, Chief Justice (Ret.),
Seventh Court of Appeals, sitting by assignment.  





[2]
See Tex.
Health & Safety Code Ann. § 481.112(d) (West 2003).  This is a first degree felony punishable by
imprisonment for a term of not more than 99 years or less than 5 years and a
fine not to exceed $10,000.  See Tex. Penal Code Ann. § 12.32 (West
2009).  Appellants indictment for this
offense also included an enhancement paragraph setting forth appellants
previous final felony conviction for possession of a controlled substance.  His punishment for the current offense thus was
enhanceable pursuant to section 12.42 of the Penal Code.  See
Tex. Penal Code Ann. § 12.42 (West 2003). 

 





[3]
At
trial, evidence showed the substance weighed 16.06 grams and contained
methamphetamine. 





[4]
The assumption underlying
appellants argument is that the lawfulness of the search by which the officer
discovered the methamphetamine and digital scales in his pockets depends on the
lawfulness of his arrest for public intoxication.  We decide here only the question presented
and do not examine the underlying assumption. 

 





[5]
It is not necessary for the
officer to observe an individual driving to arrest for public intoxication.  See,
e.g., Warrick v. State, 634 S.W.2d 707, 709 (Tex.Crim.App. 1982). See also Reynolds v. State, 902 S.W.2d
558, 560 (Tex.App.Houston [1st Dist.], pet. refd).